### EX PARTE ISAIAH BELL.

1. CRIMINAL LAW. *Appeal. Bond to appear in Supreme Court.*

A recognizance taken after conviction, in open court, for the appearance of the convict in the Supreme Court, to answer the judgment of said court on appeal from a sentence of imprisonment in the penitentiary, is void, and the convict is unlawfully at liberty, as in case of escape. Code 1871, sect. 2842, prescribes the only valid bond which a convict can give for appearance in this court.

2. SAME.　*Term of imprisonment.　When it begins, where convict at large.*
　Where the sentence in a felony case is imprisonment for a certain term, and the
　time elapses without the imprisonment being endured, the convict can be at
　any time afterwards brought before the court, and a new date specified at
　which the term of imprisonment shall begin.

APPEAL from the decision of Hon. LAFAYETTE HAUGHTON, Chancellor of the First Judicial District, on *habeas corpus*.

The case is stated in the opinion of the court.

*Tucker & Harper*, for the appellant.

. The court cannot hold a prisoner who, during all the time he has been condemned, has been *in custodia legis*, and punish him now with confinement for a year in the penitentiary, for no fault of his, and for no crime committed since the expiration of his sentence.　Code 1871, sect. 2558, providing for cases of escaped convicts retaken after their terms have expired, does not cover this case, as to which there is no legislation.

*A. Y. Harper*, on the same side.

The old sentence had expired and was dead, and a new order of court was essential before the prisoner could be imprisoned. But *the sheriff's return to the writ of habeas corpus* was, that he held him under the old sentence.　Had it been that he held him for the Circuit Court to meet to make a new order, the prisoner would have been allowed to give an appearance-bond to be at the Circuit Court to receive sentence.　Therefore, on the sheriff's return, as it stood, the case must be reversed and remanded.

*A. Y. Harper*, of counsel for the appellant, argued the case orally.

*T. C. Catchings*, Attorney-General, *contra*.

The convict was not free because his term of sentence had expired.　The date of commencement of the imprisonment was merely matter of direction, and the essential thing was that Bell was to be confined for one year.　*The State* v. *Cockerham*, 2 Ired. 204.　The Circuit Court should, therefore, cause him to be brought before it, and fix a new date at which the term shall commence.　And it was the duty of the sheriff to arrest Bell, and hold him for his appearance before the Circuit Court

at its next term.   This he has done, and the prisoner is now
out on bond for such appearance.

*I. C. Catchings*, Attorney-General, also argued the case
orally.

CHALMERS, J., delivered the opinion of the court.

On April 13, 1877, Isaiah Bell was convicted, in the Circuit
Court of Chickasaw County, of assault and battery, with intent
to kill and murder, and sentenced to be imprisoned in the
State penitentiary for the period of one year from said date.
He at once entered into a recognizance, in open court, to
appear in the Supreme Court, and there abide such decision
as might be rendered, and was thereupon discharged.   Sub-
sequently, a transcript of the record of his trial and conviction
was made out and sent here, unaccompanied by any petition
for writ of error or appeal, or any bond.   The written peti-
tion for appeal or writ of error being essential, in criminal
cases, to give this court jurisdiction, and there being nothing
whatever in the transcript sent to us to suggest that the party
had prosecuted or desired a review of the case here, it was by
this court stricken from the docket on the 15th of January, 1878.

Thereupon, at the suggestion of the attorney-general, Isaiah
Bell was arrested by the sheriff of Chickasaw County, and
incarcerated in jail; but nine months of the year for which he
had been sentenced to the penitentiary had in the meantime
expired, during which he had been at large on the recognizance
entered into before the Circuit Court.

He remained in jail until the full twelve months had expired,
and then sued out this writ of *habeas corpus*, asking to be
discharged upon the ground that his term of confinement had
expired, though, in point of fact, he had never been in the
penitentiary at all.   The chancellor before whom he was
brought having refused to discharge him, he brings this
appeal here.

The relator was properly arrested by the sheriff after the
case was stricken from the docket here.   Indeed, he ought

never to have been discharged upon the recognizance taken in the Circuit Court.

That recognizance was wholly unauthorized, and was a mere nullity. The only valid bond for appearance in this court which a convict can give is that provided by sect. 2842 of the Code of 1871, which must accompany the written petition for writ of error or appeal. The relator, therefore, during all the time that he was at large, was simply an escaped convict, and was properly rearrested as such.

Is he now entitled to be discharged because the twelve months for which he was originally sentenced has expired? By no means.

The date fixed by a sentence for the punishment to commence, or to be inflicted, is directory merely, and forms no part of the sentence itself, as has been uniformly held from the earliest times. Hence, if from any cause it is not carried into effect at the period named, the party may be brought before the court again upon motion, and a new period be prescribed. There are frequent instances in the books where men have been sentenced to be hung upon a day named, who have escaped before the time arrived, and been absent for years, but who, when finally arrested, have been, by a new order of court, executed under the old sentence. Our statute on that subject (Code 1871, sect. 2820,) is simply declaratory of the common law. So, also, where the punishment is imprisonment for a certain term, and from any cause the time elapses without the imprisonment being endured, the convict can be brought before the court at a subsequent term, and a new date specified at which the term shall begin.

Such will be the duty of the Circuit Court of Chickasaw County in this case. Bishop's Cr. Proc., sects. 878, 879; *The State* v. *Cockerham*, 2 Ired. 204; *Russell* v. *The Commonwealth*, 7 Serg. & R. 489; *Atkynson* v. *Rex*, 3 Bro. P. C. 517; *The State* v. *Kitchen*, 2 Hill (S. C.), 612; *Bland* v. *The State*, 2 Ind. 608.

Judgment affirmed.