## THE STATE v. ISAIAH BELL ET AL.

1. SUPREME COURT. *Jurisdiction. In criminal case. How acquired.*
   The jurisdiction of this court on appeal in a criminal case is not dependent upon the appellant having given the cost-bond, which, under sect. 2842 of the Code of 1871, operates as a *supersedeas*, or having made the affidavit provided for in lieu thereof, but upon the filing of the petition for appeal in the lower court and the lodgment of the record here.

2. SAME. *Criminal practice. Bond for appearance. Judgment nisi. Scire facias. Motion. Plea.*
   Where a judgment *nisi* has been rendered by this court on a bond given under sect. 2842 of the Code of 1871, for the appearance of the appellant in a criminal case, and a *scire facias* has been issued thereupon, if the surety on the bond wishes to set up the defence that the record fails to show that any cost-bond was given or affidavit made as provided by said section, to operate as a *supersedeas*, he must present it by a plea, and cannot do so by a motion to dismiss.

MOTION in Supreme Court on *scire facias*.

A statement of the case will be found in the opinion of the court.

*R. O. Reynolds and J. W. Buchanan*, for the motion.

This court has acquired no jurisdiction of this case, the appeal not having been prosecuted according to law. The statute provides for a petition in writing for an appeal or writ of error. This is the first step in the procedure. Code, sect. 2841. The next is, that the appeal shall not operate as a *supersedeas* unless the party appealing shall *first* enter into bond, payable to the State, with surety, approved by the court or clerk, in a penalty double the amount of cost accrued and to accrue. Id., sect. 2842. The appeal shall not operate to discharge the defendant from custody in bailable cases until he shall give bond, approved by the court or judge, conditioned for his appearance in the Supreme and Circuit Courts. If the defendant shall make affidavit that he is unable to give an appeal or writ-of-error bond, he shall have an appeal without bond. Ibid.

The written petition for appeal is necessary to give this court jurisdiction. 56 Miss. 284. The appeal-bond for cost is equally as essential. Both are statutory requirements and conditions precedent to the appeal, and if not given, this court has no jurisdiction. 8 Texas, 272 ; 9 Texas, 451 ; 10 Texas, 98 ; 23 Texas, 202.

The appearance-bond is not a condition precedent to the right of appeal. It is a mere incident of the right, entitling the party who gives it to a release from custody. A bond for the appearance of a party at the Supreme Court, when no case affecting the party is before the court, is a nullity. A bond to answer to an indictment, when there is no indictment, is a nullity. So, in this case, no appeal having been prosecuted, there is no case before this court. The court has no jurisdiction, and the bond is a nullity.

*T. C. Catchings*, Attorney-General, *contra*.

This court acquired jurisdiction of the case by the filing of

the petition for the appeal, the granting of the appeal, and the lodgment of the record here.

There is no question of jurisdiction, therefore, involved. The question is solely as to the right of the State to a judgment upon the appearance-bond. It is conceded that no appearance-bond can be given without a *supersedeas* being first granted, and that no *supersedeas* can be granted except upon a compliance with the statutory requirement. That is, the appellant, to entitle himself to a *supersedeas*, must either give the cost-bond required by sect. 2842, Code 1871, or make an affidavit that he is unable to give it.

For the failure of the record to show a cost-bond or the affidavit of inability, it is claimed that the appearance-bond is void. It is not necessary that the record should show a cost-bond or the affidavit, for this court has jurisdiction without either. If a cost-bond is not given, and the defendant makes the affidavit, he is entitled to a *supersedeas*, and to be discharged from custody upon giving an appearance-bond. This court, seeing a *supersedeas* and an appearance-bond, will presume that no cost-bond was given, but that an affidavit of inability was made.

It is to be presumed that the clerk would not have issued a *supersedeas* unless an affidavit had been made. This presumption must prevail until the contrary be shown. If none was made, it may be that the appearance-bond is invalid, but the point can only be made by plea.

CHALMERS, C. J., delivered the opinion of the court.

Isaiah Bell, convicted in the Circuit Court of Chickasaw County of assault and battery with intent to kill and murder, presented, or attempted to present, an appeal to this court, which failed because of his omission to file with the circuit clerk a petition for appeal and the proper bond. His appeal was by us dismissed, and the convict thereupon rearrested. He then sued out a writ of *habeas corpus*, and asked to be discharged on the ground that the twelve months for which he had

been sentenced to imprisonment in the penitentiary had expired, but was refused a discharge because in fact he had never been in the penitentiary at all. See *Ex parte Isaiah Bell*, 56 Miss. 282.

He then properly prosecuted an appeal from the original conviction, and gave bond for his appearance in this court ; but, failing to appear here, judgment *nisi* on the bond was rendered by us. *Scire facias* having issued on this judgment *nisi*, the surety on the appearance-bond comes and moves us to dismiss the *scire facias* and discharge the surety, upon the allegation that we are without jurisdiction. It is insisted that we are without jurisdiction because the record fails to show that any cost-bond was given by the appellant, or any affidavit made of inability to give such bond. This view cannot be sustained. Our jurisdiction of the appeal depends, not upon the giving of a cost-bond, which by the statute operates as a *supersedeas*, but upon the filing of a petition for appeal in the lower court and the lodgment of the record here. This being done, we would ordinarily proceed to consider the case as if no *supersedeas* had been asked, and as if the appellant was undergoing the sentence of the law. But, a bond for the appearance of the party being found in the record, we are bound *prima facie* to presume that the appellant is at large, and therefore the point attempted to be made cannot be raised by a motion to dismiss and discharge. It may be made by plea, upon which the State can take issue and show, perhaps, that a cost-bond was given or an affidavit of inability made, or that the appellant, in point of fact, was set at liberty upon the execution of the appearance-bond, and that consequently he and his sureties are estopped to deny that there was a *supersedeas* of the sentence below. Upon the effect of this last showing, if made, we will not in advance express an opinion.

Motion denied, with leave to plead on or before the first day of the next term of this court.