[Crim. No. 1484. In Bank.—August 17, 1908.]

In the Matter of the Application of J. L. MURPHY for Writ of Habeas Corpus.

HABEAS CORPUS — PRISONER ADMITTED TO BAIL — RETURN TO WRIT — PERSONAL ATTENDANCE OF OFFICER OR PRISONER UNNECESSARY.— Since the amendment of 1903 to section 1476 of the Penal Code (Stats. 1903, p. 476), empowering the court or judge who directs the issuance of a writ of *habeas corpus* to admit the prisoner to bail pending the determination of the proceedings, it is unnecessary, on the return to the writ, in the case of a prisoner so admitted to bail, for the officer who had the prisoner in custody to produce his body in court, or for the officer to attend court in person; nor is it necessary to confer jurisdiction on the court, that the prisoner should attend in person.

APPLICATION for a Writ of Habeas Corpus.

The facts are stated in the opinion of the court.

H. C. Millsap, and Edward W. Rice, for Petitioner.

John E. Carson, for Respondent.

THE COURT.—In view of the amendment to section 1476 of the Penal Code, adopted in 1905 (Stats. 1905, p. 476), empowering the court or judge who directs the issuance of a writ of *habeas corpus* to admit the prisoner to bail pending the determination of the proceeding, the order for the issuance of the writ in this case furnishes a proper occasion for a statement by the court of its views concerning the return to be made to the writ where the prisoner has been set at liberty upon filing an undertaking of sureties or depositing cash before the return day of the writ.

In such case it is obvious that the officer who had the custody of the prisoner cannot produce his body in court in obedience to the writ, and that he can do no more than to show by his return that his prisoner has been enlarged under the terms of the court's order. For the purpose of making such return it is equally obvious that the personal attendance of the officer is not required.

As to the prisoner himself, he can always attend, at his own expense, if he so desires, but in the view of the court his attendance—when he is at large upon bail—is no longer necessary in order to confer jurisdiction, for the amendment under which he has given bail has necessarily superseded sections 1481, 1482 of the Penal Code, and for jurisdictional purposes has substituted his undertaking or cash deposit for his personal presence. We make this announcement of our views regarding this matter in order that the counties and municipalities of the state may no longer feel obliged in this class of cases to incur and defray the useless expense of transporting prisoners or officers to and from the place where the court is sitting.

BEATTY, C. J.
SLOSS, J.
ANGELLOTTI, J.
SHAW, J.
HENSHAW, J.
LORIGAN, J.