# Chaney *v.* The State.

*Grand Larceny.*

(Decided November 25, 1913.   63 South. 693.)

1. *Trial; Objection to Evidence; Crime.*—Where no objection was interposed to the question before it was answered, a motion to strike out the testimony thus elicited will not lie.

2. *Criminal Law; Sentence; Time.*—That part of a judgment entry in a criminal case specifying the day of the month and the year on which the sentence of imprisonment shall commence and expire is surplusage and may be stricken and the judgment corrected, especially when rendered inappropriate due to the suspension of sentence pending an appeal.

APPEAL from Clarke Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Green Chaney was convicted of grand larceny, and he appeals. Affirmed.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

PELHAM, J.—When this case was before us on the former appeal, we held that there was no evidence shown by the bill of exceptions connecting this defendant (jointly tried and convicted together with three codefendants) with the commission of the offense charged, except the testimony of his accomplices.—*Chaney et al. v. State*, 4 Ala. App. 89, 58 South. 685. On the trial resulting in the judgment from which the present appeal is prosecuted, the evidence on the former trial was introduced, and in addition thereto the testimony of a witness not an accomplice, corroborative of this defendant's connection with the crime charged against him.

The recitals in the bill of exceptions show that the defendant moved to exclude the testimony of this witness, but no objection is shown to have been made or exception reserved to the question or questions eliciting it, and for aught we know the answer was responsive to the question and the defendant refrained from objecting to the question speculating on a favorable answer.—*Powell v. State*, 5 Ala. App. 463, 58 South. 951. Nor do we think the evidence inadmissible, or that the objection to a question eliciting it, if made in time, would have been well taken.

That part of the judgment entry specifying the day of the month and the year upon which the sentence

should commence and expire is surplusage, and as it is inappropriate as applied to the changed. conditions as to time, due to the suspension of the sentence pending an appeal, the same is stricken, and the judgment appealed from as thus corrected, is affirmed.—*Perkins v. State, Infra.,* 63 South. 692, present term.

Corrected and affirmed.