## MASSEY v. CUNNINGHAM.

### Opinion delivered September 28, 1925.

CRIMINAL LAW—EXECUTION OF SENTENCE.—Where the accused was sentenced to serve 90 days in prison, and was released by the sheriff during good behavior, the sheriff was authorized to re-arrest him after 90 days had expired, as the sheriff exceeded his powers in releasing him, and the judgment could be satisfied only by his actual imprisonment.

Appeal from Pulaski Circuit Court, First Division; *John W. Wade,* Judge; affirmed.

#### STATEMENT OF FACTS.

Clifford Massey filed a petition in the circuit court for a writ of *habeas corpus* on the ground that George W. Cunningham, as a warden of the Pulaski County convict farm, was illegally restraining him of his liberty.

The material facts are practically undisputed, and are as follows: On January 28, 1922, Clifford Massey was convicted in the circuit court of Pulaski County of the crime of transporting intoxicating liquors, and was sentenced by the court to ninety days' imprisonment, and to pay a fine of $1,000. He served his term of imprisonment and paid $500 of his fine. His mother gave her note for $500 for the balance of the fine.

At the time of his conviction two other criminal cases were pending against him in the circuit court upon appeal from the municipal court. After Massey and his mother made default in the payment of the $500 note, the two cases just referred to were called for trial, and it was agreed between the State and the defendant that the judgments of the lower court should be affirmed,

which was done. In one of these cases Clifford Massey was fined $100 in the lower court, and the judgment was affirmed in the circuit court.

The record in the other case shows that by consent of the State and the defendant, the judgment of the Little Rock municipal court for a fine of $100 and ninety days' imprisonment was affirmed. Judgment to this effect was accordingly entered in the circuit court.

At the time these consent judgments were entered of record Massey was absent, and the judgments were consented to by his attorney in order to prevent a forfeiture on his bond. Subsequently Massey returned to Little Rock, Pulaski County, Arkansas, and was arrested by the sheriff of Pulaski County on two commitments issued on the last two judgments referred to. Massey entered into negotiations with the sheriff of Pulaski County whereby he was to pay the $500 note given for a part of his $1,000 fine above referred to, and in consideration thereof the sheriff would hold up the commitments in the last two cases during his good behavior. Massey paid the $500 to the sheriff, which was appropriated by him to the payment of the balance of his fine.

The judgment of conviction in the two last-mentioned cases was in March, 1923. In April, 1925, the sheriff found upon investigation that Clifford Massey was again violating the law, and he arrested him on the commitments in the two cases just referred to, and confined him on the county convict farm, where prisoners sentenced to jail in Pulaski County are by law confined. Massey filed a petition for a writ of *habeas corpus* against George W. Cunningham, in whose custody he was placed, as warden of the county convict farm, on the ground that the sheriff had no right to rearrest him and commit him to jail after a period of considerably more than ninety days after the date of his original commitment for a term of three months or ninety days in the county jail.

Under these facts the circuit court was of the opinion that the petition of Clifford Massey for a writ of *habeas corpus* should be dismissed, and that he should be re-

manded into the custody of George W. Cunningham as warden on the county farm of Pulaski County to complete his sentence in accordance with the terms of his original commitment.

From the judgment rendered in accordance with the findings of the circuit court, Clifford Massey has duly prosecuted an appeal to this court.

*Murphy, McHaney & Dunaway,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HART, J., (after stating the facts). It appears from the record that the sheriff of Pulaski County obtained two commitments based on judgments rendered in the Pulaski Circuit Court in two cases against the defendant. In one of the cases the defendant was fined $100, and in the other case he was fined $100 and sentenced to serve ninety days' imprisonment in the county jail. After the defendant was arrested and placed in jail, the sheriff made an agreement with him that he would release him from jail during good behavior, if he would pay a note of $500, which his mother had given a former sheriff of Pulaski County for the balance of a fine of $1,000 adjudged against the defendant in the Pulaski Circuit Court. Pursuant to this agreement, the defendant paid the $500, and was by the sheriff released from jail. After more than three months had elapsed, the sheriff re-arrested the defendant and imprisoned him for the reason that he had violated the conditions of his release by again being guilty of criminal conduct. The defendant, Massey, sued out a writ of *habeas corpus* on the ground that he could not be compelled to serve the ninety days' imprisonment imposed upon him by the circuit court, because more than ninety days had elapsed after he had been discharged from custody by the sheriff.

There is a conflict between the authorities as to the power of a court to suspend sentence for an indefinite period of time, or to suspend the execution of a sentence indefinitely. The Supreme Court of the United States

in a well-considered opinion by Chief Justice White has held that, in the absence of a statute, a federal district court exceeds its power by ordering that the execution of a sentence to imprisonment imposed by it upon a plea of guilty, be suspended indefinitely during good behavior upon considerations wholly extraneous to the legality of the conviction. *Ex parte United States,* 242 U. S. 27, Ann. Cas. 1917B, p. 355, L. R. A. 1917E. p. 1178.

The contrary decisions on this question may be found in notes to the case just cited and in a case note to 26 A. L. R. at p. 399. Our court has not decided this mooted question, but it has held that a sentence may be pronounced on a plea of guilty at a term subsequent to that at which the plea was entered. *Thurman* v. *State,* 54 Ark. 120, and *Cox* v. *State,* 114 Ark. 234, and cases cited.

The reason for holding that a sentence may be suspended to a subsequent term is quite apparent. It may be that the punishment has been left to the court, and the presiding judge wishes to consider the matter further. It may be that a like case is pending in the appellate court, and that it is deemed best to await its decision. Again the court may think it just to suspend sentence for a while, to the end that the offender may apply for executive clemency. Other reasons might be given; but no useful purpose could be served thereby. Some courts make a difference between the power to suspend the imposing of a sentence and the power to suspend the execution of a sentence.

It has been uniformly held that where a prisoner has escaped and is rearrested after the term for which he was committed had expired by lapse of time, he may be compelled to serve out his term of imprisonment under the original sentence. *In re* Edwards, 43 N. J. L. 555; *Hollon* v. *Hopkins,* 21 Kan. 459; *Dolan's case,* 101 Mass. 219: *Ex parte Bell,* 56 Miss. 282; *Cleek* v. *Commonwealth,* 21 Grat., Va., 777; *State* v. *Cockerham,* 24 N. C. 204; and 2 Bishop's New Criminal Procedure, § 1385.

The reason is that the time at which a sentence shall be carried into execution forms no part of the judgment

of the court. The judgment is the penalty of the law as declared by the court, while the direction with respect to the time of carrying it into effect is in the nature of an award of execution. So it is said that the essential portion of a sentence is the punishment, including the kind of punishment and the amount thereof, without reference to the time when it is to be inflicted. Of course, the sentence should as a rule be strictly executed; but it can not be changed or modified, except by legal action of some sort.

It has been generally said that, where the penalty is imprisonment, the sentence of the law is to be satisfied only by the actual suffering of the imprisonment imposed unless remitted by death or by some legal authority. The expiration of time without imprisonment is in no sense an execution of the sentence.

In the application of the rule it has been held that, in cases of a void stay of execution issued by a court where the convicted defendant is at liberty and has not served his sentence, he may be rearrested as an escape, and ordered into custody upon the unexecuted sentence. *Ex parte Vance,* 90 Cal. 208, 27 Pac. 209, 13 L. R. A. 574; *People* v. *Patrich,* 118 Cal. 332, 50 Pac. 425; *Ex parte Collins* (Cal. Ct. of Ap.) 97 Pac. 188; *Neal* v. *State,* 104 Ga. 509, 30 S. E.858, 42 L. R. A. 190, 60 Am. St. Repts. 175; *Mann* v. *People* (Colo. Ct. of Ap.) 66 Pac. 452; and *Spencer* v. *State* (Tenn.), 140 S. W. 597, 38 L. R. A. (N. S.) 680.

The reasoning of these cases applies with greater force to the case at bar. The sheriff was not vested with judicial authority or the power to grant paroles or reprieves. It is not necessary to discuss the question of whether the Legislature could confer upon him any such authority. It is sufficient to say that it has not done so. In the present case it is apparent from the record that the sheriff released Massey mainly as a reformatory measure to secure future good behavior on his part. It is also apparent that Massey acted in good faith in making the agreement; but his act was none the less voluntary. The sheriff wholly exceeded his powers in releas-

ing Massey from imprisonment, and his act was void. This being true, he had the right to rearrest Massey to the end that he might serve his sentence. It is immaterial that more than ninety days have elapsed since the sheriff released Massey. The latter was not in prison during that time, and the judgment could be satisfied only by his actual imprisonment for the adjudged period. The time of Massey's absence from confinement, under a void release, can not be considered as having been spent in jail in satisfaction of the judgment which required his actual imprisonment.

It follows that the judgment of the circuit court in dismissing Massey's petition for a writ of *habeas corpus* was correct, and it will be affirmed.