E. BAUMGARTNER, *Plaintiff*, v. W. C. SPENCER, Sheriff of Hillsborough County, Florida, *Defendant*.

146 So. 674

Division B

Opinion filed March 9, 1933.

*Paul Lake* for Petitioner.

BUFORD, J.—The petitioner was heretofore before this Court on a former petition for writ of habeas corpus. The Court granted the writ, and, upon final hearing, remanded him to the custody of the Sheriff of Hillsborough County to be held under the commitment until discharged according to law. Baumgartner v. Joughin, 105 Fla. 335, 141 So. 185.

The commitment in that case, the record shows, was based upon a judgment of the Circuit Court of Hillsborough County, the material part of which now under consideration was as follows:

"It is therefore ORDERED, ADJUDGED and DECREED that R. T. JOUGHIN, Sheriff of Hillsborough County, Florida, is hereby *ordered* to take the said E. Baumgartner into his control, and to confine him in the common jail of Hillsborough County, Florida, for a period of 60 days, beg. from 1 o'clock P. M. on the 13th day of April, A. D. 1932, and when he has fully exercised and complied with the Order of this Court that he shall make his return to this Court of this cause and fail not. Memoranda of authorities filed in *Ex parte*: Charles H. Wilson.

"*It is Further Ordered and Adjudged* That E. Baumgartner, Respondent in this cause, pay the costs of this proceeding. ·

"*Done and Ordered* at Tampa, Florida, this the 14th day of March, A. D. 1932."

The former Sheriff of Hillsborough County did not execute the judgment.

On the 24th day of February, 1933, one of the Judges of the Circuit Court in and for Hillsborough County made

and entered an order which, after reciting the original judgment, contains the following:

"And it further appearing to the Court that the said E. Baumgartner did start serving the said time as ordered and did serve three days thereof and that thereupon the said E. Baumgartner did sue out a writ of habeas corpus before the Honorable Supreme Court of the State of Florida, and the said Supreme Court did proceed in due time to consider the said petition and writ of habeas corpus and thereafter, after considering the same, together with the arguments of the counsel did refuse to grant said writ of habeas corpus or to allow the said Respondent to go free. And remanded the Respondent to serve the sentence imposed upon him.

"And it further appearing to this Court that the original order should be carried out in this case and the respondent should be incarcerated in the county jail as heretofore ordered.

"*It is Therefore, Ordered, Adjudged and Decreed* that Will C. Spencer, Sheriff of Hillsborough County, Florida, is hereby ordered to take the said E. Baumgartner into his control and to confine him in the common jail of Hillsborough County, Florida, for a period of fifty-seven days, and when he has fully exercised and complied with the order of this Court, that he shall make his return to this Court in this cause and fail not."

Under this Order the Petitioner was taken into custody by the Sheriff of Hillsborough County and confined in the county jail. The Petitioner then applied to a Justice of this Court for a writ of habeas corpus challenging the authority of the Sheriff of Hillsborough County to hold the Petitioner under the last mentioned Order.

It is contended that the original judgment was void because of ambiguity, the judgment being that Petitioner be

confined in the County Jail of Hillsborough County, Florida, for a period of 60 days "Beg. from 1 o'clock P. M. on the 14th day of March, A. D. 1932, until 1 o'clock P. M. on the 13th day of April, A. D. 1932, and that inasmuch as only 31 days would elapse between the named dates, the judgment was so indefinite and uncertain as to make it void and that inasmuch as the Supreme Court had remanded the Petitioner to the custody of the Sheriff under said judgment, the Circuit Court was without power or jurisdiction to pronounce the latter judgment and sentence. The contention that the Circuit Judge was without power or jurisdiction to enter the Order and Judgment of February 24th, 1933, is well taken. For the Circuit Judge to attempt to enter an Order and Judgment subsequent to the judgment of the Supreme Court and without authority from this Court is in effect to attempt to supersede the judgment of this Court. This does not mean that the Circuit Court may not with permission of the Supreme Court on proper showing and application, enter an Order purging the Petitioner of contempt.

The contention, however, that the original judgment is void because of uncertainty is not well taken.

In the case of the State of Florida, plaintiff in error, v. Peter Horne, defendant in error, 52 Fla. 125, 42 Sou. 388, this Court after quoting Section 2923, Revised Statutes, said:

"Under the statute above quoted, that in all cases the court shall award the sentence and shall fix the punishment or penalty prescribed by law, the effective part of the sentence awarded and punishment fixed in the sentence set out above is that the petitioner 'be imprisoned in the State Prison at hard labor for the period of five years.' The period or cycle of time during which he would be required to be im-

prisoned for the length of time fixed by the court is to be determined by law. The power of the court extends to fixing the punishment, that is the length of time within the given maximum the petitioner shall be imprisoned. The law does not contemplate that the court in fixing the punishment shall also fix the beginning and ending of the period during which the imprisonment shall be suffered. The time fixed for executing a sentence, or for the commencement of its execution, is not one of its essential elements, and strictly speaking, is not a part of the sentence at all. The essential portion of the sentence is the *punishment,* including the *kind* of punishment and the *amount* thereof, without reference to the time when it shall be inflicted.

"The sentence, with reference to the kind of punishment and the amount thereof, should as a rule be strictly executed. But the order of the court with reference to the time when the sentence shall be executed is not so material. Expiration of time without imprisonment is in no sense an execution of the sentence. Hollon v. Hopkins, 21 Kan. 638; Dolan's Case, 101 Mass. 219; State v. Cockerham, 2 Ired, (N. C.) 204; Ex parte Bell, 56 Miss. 282; In re Edwards, 43 N. J. L. 555."

In Perkins v. State, 10 Ala, 671, 63 Sou. 692, it was held: "A provision at the end of an appropriate sentence that the sentence should begin on a certain day and expire on a certain subsequent day was surplusage." We, therefore, hold that the original judgment and sentence was a valid sentence and judgment, and authorized the Sheriff of Hillsborough County to hold the Petitioner in the county jail of Hillsborough County for a period of 60 days, which sentence and judgment may only be executed by the service of that sentence, and complying with that judgment.

For the reasons stated, the Petitioner is remanded to the custody of the Sheriff of Hillsborough County to be held and dealt with according to law and the terms of the judgment and sentence as herein construed, unless sooner relieved therefrom by order of Court duly had. It is so ordered.

Petitioner remanded.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.