(No. 24173.—

THE PEOPLE *ex rel.* Halbert O. Crews, Admr., Relator, *vs.* JOHN TOMAN, Sheriff, Respondent.—(JULIUS P. WAIT- CHES *et al.* Intervenors.)

*Opinion filed October 15, 1937.*

164

ORIGINAL petition for *mandamus*.

LEVISON, BECKER, PEEBLES & SWIREN, (DON M. PEEBLES, of counsel,) for relator.

ODE L. RANKIN, for intervenors.

Mr. JUSTICE JONES delivered the opinion of the court:

An original application to this court has been made for a writ of *mandamus* to compel the sheriff of Cook county to take into custody Julius P. Waitches, Bela Butman, John J. Bagdonas and Nicholas Radis, under *mittimus* issued by the probate court of Cook county.

The persons named, and others not here concerned, were adjudged guilty by the probate court of contempt of court, and on March 7, 1935, they were sentenced to imprisonment in the county jail for a period of one year from the date of the order. That order directed the sheriff to take them into custody and commit them to the county jail "there to remain for the period of one year from the 7th day of March A. D. 1935." After being taken into custody during that month, they were released on *supersedeas* bonds in the following April and May, respectively. Each of them sued out a writ of error to the Appellate Court for the First District, where their convictions were affirmed. On further review in the cases of Waitches and Radis, we affirmed the judgments of the Appellate Court. (*In re Estate of Kelly,* 365 Ill. 174.) No writ of error to review the judgment of the Appellate Court was prosecuted in either of the other cases, and the judgment of the

probate court now stands as final. In each case the final order, on review, was entered after the time fixed by the original order for the completion of the sentences. That fact was not called to the attention of either reviewing court and no question was raised as to the right of the probate court to fix the time of commencement and completion of the imprisonment. As a consequence, the order was affirmed in each case without considering those questions, or giving any direction to re-sentence. Thereafter, mandates were filed in the probate court and a *mittimus* was issued for each of the defendants. The sheriff refused to take them into custody and thereupon the petition in this case was filed.

Respondent, and Waitches and Radis, who intervene by leave of court, contend that the sheriff could only execute the order of the court as it is entered; that, since the date fixed by the order for the completion of the imprisonment had expired before the mandates were filed, and no direction to re-sentence the contemnors was made, it is now impossible to enforce the sentence.

A committing court has the undoubted right to fix, within the range prescribed by law, the kind and extent of penalty imposed for transgressions against it. The right of the probate court to fix the penalty in this case at one year's imprisonment in the county jail is not challenged. It is apparent that, when an order fixes the time of commencement or completion of imprisonment, delay incident to review, as in this case, or other contingencies, may render it impossible to carry the order into effect within the time prescribed by it.

It is a general rule that courts are without authority to fix precise dates for the commencement or completion of a sentence of imprisonment. The term of imprisonment may be definitely fixed, in certain cases, but it is improper to fix the date in the future when incarceration shall begin, because it would conflict with the right usually accorded the

prisoner to suspend the execution of his sentence by a *super-sedeas* during review. Consecutive sentences may not be ordered to begin on certain dates, but the proper practice is for the second sentence to commence when the first ends, and so on, to the last.

Such a situation is similarly treated in most jurisdictions. The Supreme Court of Florida, and the Appellate Court of Alabama, hold that the portion of the order which fixes the time when incarceration shall begin may be regarded as surplusage. (*Brooke* v. *State,* 99 Fla. 1275, 128 So. 814; *Lake* v. *McClelland,* 101 id. 536, 134 So. 522; *Chaney* v. *State,* 9 Ala. App. 45, 63 So. 693.) The time fixed for the execution of a sentence is generally regarded as no part of the judgment. The direction as to the time of carrying the sentence into effect is in the nature of an award of execution, so that, where the penalty is imprisonment, the sentence may be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or some legal authority. (*Massey* v. *Cunningham,* 169 Ark. 410, 275 S. W. 737; *State* v. *Cockerham,* 24 N. C. 204; *Ex parte Halbert,* 45 Okla. Cr. App. 167, 282 Pac. 478; *Bernstein* v. *United States,* 165 C. C. A. 659, *certiorari* denied, 63 L. ed. 798; *Hollon* v. *Hopkins,* 21 Kan. 638.) The California Appellate Court subscribes to the same doctrine. (*Ex parte Collins,* 8 Cal. App. 367, 97 Pac. 188.) The essential portion of a sentence is the punishment, including the kind and amount, irrespective of the time of commencement of the term. (*Brooke* v. *State, supra; State* v. *Vickers,* 184 N. C. 676, 114 S. W. 168.) In *Morton* v. *People,* 47 Ill. 468, we held, in consonance with the general rule: "The time or day on which the sheriff shall take and convey a prisoner to the penitentiary is by no means an essential part of the judgment."

In this State the rule is, that fixing the time of commencement and completion is an error that a court of review will order to be eliminated when called to its atten-

tion on direct review. (*People* v. *Buckman*, 279 Ill. 348; *People* v. *Elliott*, 272 id. 592; *Johnson* v. *People*, 83 id. 431.) But it is to be observed that it was not held, in any of those cases, that the penalty imposed was in anywise affected by the error. In each of them the reversal was merely for the purpose of requiring a proper sentence under the penalty already imposed. In other words, the penalty stood, and all that was done was to require the correction of the order.

Under this well settled rule, that portion of the order of the probate court fixing the time of commencement and completion of the imprisonment was no part of the judgment, and it stands unaffected, in its essential parts, by the erroneous portion of the order. During the time of review the sentences were suspended by *supersedeas*. The intervenors had the right to have the judgment reviewed, and, under the *supersedeas*, to their freedom during that time. Obviously, the time while they were so free cannot be considered as time served in execution of their sentences. Otherwise, where a convicted defendant is released on a *supersedeas* and the term of the penalty expires before the conviction is affirmed on review, the entire proceeding would be fruitless and the defendant, although duly convicted, would escape any punishment. The expiration of time without imprisonment is, in no sense, an execution of the sentence. (*Massey* v. *Cunningham, supra.*) The sentence can be satisfied only by the actual serving of the imprisonment for the remainder of the period of one year, after deducting the time already served, unless remitted as by the rule stated.

The rule that a judgment cannot be modified after the term when it was rendered has no application here. This is not a proceeding for that purpose. Bearing in mind that the erroneous portion of the order is no part of the judgment, its affirmance, on review, establishes it as valid and enforceable, as much so as if the objectionable portion

had not been incorporated in it. Its validity cannot now be questioned and it cannot be modified. The petition does not seek to do either, but to enforce it as valid. Nor is it of any consequence that, upon review, the improper portion was not ordered to be eliminated, or that the intervenors were not ordered to be re-sentenced. Having determined, in the exercise of our appellate jurisdiction, that the judgment is valid and enforceable, and the effect of the mandates being a direction that the judgment be executed, the probate court became our agency for its enforcement. Our authority extends to the taking of measures to carry the mandates into effect. *People* v. *Superior Court,* 234 Ill. 186.

The writ of *mandamus* is a proper remedy for that purpose and is, therefore, awarded as prayed.

*Writ awarded.*