[Crim. No. 27965. Second Dist., Div. Five. Mar. 18, 1976.]

In re JACK PEARLMUTTER on Habeas Corpus.

**COUNSEL**

Ansley Q. Hyman for Petitioner.

No appearance for Respondent.

Hertzberg & Childs, Ovvie Miller and Dennis L. Pearlmutter for Real Party in Interest.

**OPINION**

**HASTINGS, J.**—The within petition for a writ of habeas corpus was filed by Jacqueline Pearlmutter on behalf of her husband, Jack Pearlmutter, to secure his release from county jail following his 30-day commitment for contempt of court. We ordered Pearlmutter released on $500 bail and calendared the matter for hearing on January 28, 1976. On that date the court was informed that Pearlmutter was in Yuma, Arizona where he was undergoing psychiatric treatment.

The threshold question before us is whether Pearlmutter's absence from the jurisdiction at the time of the hearing on the habeas corpus petition precludes our ruling on the merits of the petition. We find that it does not. When a prisoner is admitted to bail pursuant to section 1476 of the Penal Code, the officer who had custody of the

prisoner prior to his release is excused from the requirement of producing his body in court. (*Matter of Murphy,* 154 Cal. 168 [97 P. 188].) The prisoner who is at large on bail may attend the hearing on the writ petition if he desires, but his attendance is not necessary to confer jurisdiction on the court. For jurisdictional purposes his undertaking or cash deposit is a substitute for his personal appearance. (*Matter of Murphy, supra.*) Nor does the fact that Pearlmutter is at large render moot the question of the validity of his original commitment. We therefore proceed to the merits of the present petition.

The contempt citation arose out of a finding that Pearlmutter violated a restraining order issued July 20, 1973, in on-going litigation stemming from divorce action No. D 658430 between Pearlmutter and his former wife Sonia Pearlmutter. The restraining order specified that Pearlmutter and his agents be restrained from "annoying, harassing, molesting" Sonia, Dennis Pearlmutter, who is the son of Jack and Sonia, Karen Pearlmutter, Dennis' wife, their two sons, and two other enumerated family members. The order further specified that Pearlmutter and his agents be restrained from interfering in any manner with Dennis' law practice, "including but not limited to contacting any of his clients for any purpose whatsoever." The order was mutual; it was stipulated to apply to Sonia and Dennis as well as to Pearlmutter and his agents. Counsel for Sonia, seeking clarification of the extent of the order, stated: ". . . we would like it to be known that, in no way, does this stipulation for mutual restraining order—in no way does this prevent the institution of any criminal proceedings or civil proceedings against either of the parties here, the annoyance and harassment referred to by the Court—." To which the court responded: ". . . I have never heard of any restraining order that restrained anyone from annoying or harassing or molesting the other one that precluded anyone from initiating a legal proceeding unless there was some specific reference."

The six counts of contempt involved herein consisted of Pearlmutter's having mailed to Sonia and to Karen, at their respective residences, copies of certain interrogatories, notices of motion and points and authorities which he was filing in propria persona in civil action No. C 70144, an action initiated by Dennis, Karen and others against Pearlmutter, Ansley Q. Hyman, and others. The arguments offered in support of the contempt citation were that the mailings were per se violations of both the "annoying, harassing, molesting" provision of the restraining order and of the provision forbidding contacting clients of Dennis Pearlmutter who was, at the time of the alleged acts of contempt,

the attorney for Sonia and Karen. It was argued that even in light of the court's comments about the order not applying to initiation of a legal proceeding, the mailings were improper as to Sonia as she was not a party to C 70144, and improper as to Karen as she was represented by counsel.

The further argument is made by real party herein that the court excepted from the purview of the order only the "initiation" of legal proceedings and that the documents mailed by Pearlmutter did not initiate a lawsuit. We do not believe such a restricted interpretation of the court's remarks to be reasonable. Clearly the court must have intended the word "initiation" to be a shorthand expression for initiation, prosecution and defense of legal proceedings.

Just prior to the issuance of the restraining order, a representation was made to the court by Sonia's then attorney that for the last several days Pearlmutter had been waiting outside Dennis' law office, waylaying, annoying and harassing Dennis' clients in an effort to ruin Dennis' practice. The provision in the order relating to contact with Dennis' clients must be read in this context and understood as directed toward this type of conduct. We do not believe that it was the court's intention to bring the mailing of legal documents within the scope of the order.[1] Furthermore, if such was the court's intention, the order was not specific enough to provide the parties subject to it with notice of that fact, especially when read in conjunction with the above-quoted remarks of the court regarding initiation of legal proceedings. For these reasons we find that the court below erred when it found Pearlmutter in contempt of court.

Dennis, who is representing his mother in this proceeding, has petitioned this court for an award of attorney's fees. He has failed to demonstrate his entitlement thereto and the request is hereby denied.

The petition is granted and the order holding Pearlmutter in contempt is annulled.

Stephens, Acting P. J., and Ashby, J., concurred.

A petition for a rehearing was denied April 5, 1976.

---

[1] We note that the judge who heard the contempt proceeding was not the judge who issued the restraining order.