(Nos. 12149-50-51-52.—Writs awarded.)

THE PEOPLE *ex rel.* Edward J. Brundage, Attorney General, Petitioner, *vs.* JOSEPH S. LABUY, Judge of Municipal Court, Respondent.—Same Petitioner *vs.* JOHN R. CAVERLY, Judge, Respondent.—Same Petitioner *vs.* HOWARD W. HAYES, Judge, Respondent.—Same Petitioner *vs.* HARRY M. FISHER, Judge, Respondent.

*Opinion filed October 21, 1918.*

1. CONSTITUTIONAL LAW—*the act of 1917, making sentence to the house of correction commutable, is invalid.* The amendment of 1917 to section 9 of the act relating to houses of correction, (Laws of 1917, p. 532,) which attempts to make sentences to the house of correction commutable within thirty days by the court or judge entering the sentence, is invalid as taking from the Governor the pardoning power vested solely in him by section 13 of article 5 of the constitution.

2. SAME—*Governor's pardoning power embraces misdemeanors.* The power granted by section 13 of article 5 of the constitution to the Governor to grant reprieves, commutations and sentences after conviction is "for all offenses," including misdemeanors, and is not limited to felonies.

3. SAME—*a misdemeanor is within rule precluding vacating of judgment after defendant has begun to serve sentence.* The rule that a judgment of conviction cannot be set aside by the trial court after the defendant has begun to serve his sentence is not limited to cases where the place of imprisonment is beyond the territorial jurisdiction of the trial court but includes a conviction for a misdemeanor where the imprisonment is in the house of correction.

ORIGINAL petitions for *mandamus.*

EDWARD J. BRUNDAGE, Attorney General, and JAMES H. WILKERSON, (Jos. W. MOSES, of counsel,) for petitioner.

J. KENT GREENE, for respondent Howard W. Hayes.

Mr. JUSTICE FARMER delivered the opinion of the court:

Four petitions for writs of *mandamus* were filed in this court upon leave granted the Attorney General, as relator. The object and purpose of the writs was to require four

judges of the municipal court of Chicago to expunge from the records certain orders entered vacating and setting aside judgments of conviction in criminal cases at a date subsequent to the convictions and sentences of defendants and after the defendants had been committed to prison pursuant to the judgments and sentences. The steps pursued, resulting in orders vacating and setting aside the judgments of conviction and discharging the prisoners or releasing them on probation after a part of the term of imprisonment had been served, were not precisely the same in all four of the cases but the question presented in each of the cases is the same. Respondents demurred to the petitions. The cases were consolidated and but one set of briefs filed, and they will be disposed of in one opinion.

All of the cases in which the orders asked to be expunged were entered were convictions for misdemeanors, and a sentence to the house of correction for a definite period of time, together with a nominal fine, was the punishment inflicted in each case. In one of the cases, after the defendant had served a part of the term for which he was sentenced and within thirty days after the judgment and sentence, he was brought from the house of correction before the court and an order entered vacating and setting aside the judgment and discharging the prisoner. In another case the court entertained a motion of defendant to vacate the judgment and released him on probation to the chief probation officer. In another case, after the defendant had entered upon his term of imprisonment, the court, on motion, vacated the judgment and sentence, granted a new trial, and upon the re-trial of the case defendant was found not guilty and discharged. In another case, while defendant was serving his term of imprisonment pursuant to the judgment and sentence, the court entertained a motion of defendant to vacate the judgment, denied the motion, but on application of defendant released him on probation to the chief probation officer for one year.

In *People* v. *Turney,* 273 Ill. 546, we held that when the court had passed sentence upon a defendant, issued its warrant of commitment and the defendant had been delivered to the authorities of the prison to which he was sentenced the court had no power to subsequently vacate or set aside the judgment, and that the defendant could not be released except upon a proper order of reprieve, commutation or pardon by the executive or a reversal of the judgment of conviction and remandment. That case was approved and followed in *People* v. *Whitman,* 277 Ill. 408. After those decisions the legislature passed an act entitled "An act to amend an act entitled 'An act to establish houses of correction and authorize the confinement of convicted persons therein,'" approved June 22, 1917, in force July 1, 1917. (Laws of 1917, p. 532.) The amendment consisted of adding to section 9 the following: "Every sentence to such house of correction shall be commutable within the first thirty (30) days thereof and the order of commitment may be modified or vacated by the court or judge entering the same at any time with [within] thirty days after the entry thereof." The constitutionality of this act is challenged by the relator as being in contravention of section 13 of article 5 of our State constitution, which vests the power to grant pardons and commutations for all offenses, after conviction, in the Governor. Said section of the constitution reads: "The Governor shall have power to grant reprieves, commutations and pardons, after conviction, for all offenses, subject to such regulations as may be provided by law relative to the manner of applying therefor." This language is plain, unambiguous and not subject to construction. It is the fundamental law and no act of the legislature in contravention of it can be valid. The effect of the amendment of 1917 is in certain cases to take from the Governor the power vested in him by the constitution, of commutation and pardon, and vest that power in the court rendering the judgment and sentence.

It is argued by respondents that the decisions in this State laying down the rule that a judgment of conviction cannot be vacated after the sentence has been entered upon, apply only to cases where the prisoner is confined in a prison outside the territorial jurisdiction of the court, and also that they do not apply in misdemeanor cases. There is no sound basis for any such contention. The power to grant reprieves, commutations and pardons, after conviction, "for all offenses" is vested in the Governor and cannot be vested in another officer or body, directly or indirectly, by act of the legislature, which the amendment referred to attempted to do. The proposition seems so clear as to not admit of discussion or argument.

It was not necessary that in each case the prisoner should have been made a party to the petition for the writ. *People* v. *Turney, supra; People* v. *Superior Court,* 234 Ill. 186.

The demurrers are overruled and the writs awarded as prayed in the petition in each case.          *Writs awarded.*

---

(No. 12109.—Reversed and remanded.)
GEORGE W. DINGMAN, Defendant in Error, *vs.* LAWRENCE P. BOYLE, Plaintiff in Error.

*Opinion filed October 21, 1918.*

1. TRUSTS—*all the trustees named must join in exercising their joint power.* In executing their joint power all the trustees named in a will must join, and a contract signed by three of the four trustees named in a will and a fourth person who was named to act as trustee in case of a vacancy is not valid unless it is shown affirmatively that the vacancy had occurred and that the fourth person had qualified as trustee.

2. CONTRACTS—*invalidity of contract of sale may be urged as a defense to suit for commissions.* The invalidity of a contract for an exchange of real estate because of an improper execution thereof by the trustees of an estate may be shown by the other party to the contract as a defense to a suit for commissions by the broker who procured the contract.