**WHEELER LUMBER BRIDGE & SUPPLY CO. OF DES MOINES, IOWA, v. UNITED STATES.**

No. E-567.

Court of Claims.
June 6, 1932.

Joseph H. Sheppard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The plaintiff in this case seeks to recover the sum of $1,833.89 with interest, being the amount of transportation taxes together with penalties and interest thereon collected from it by reason of certain shipments of lumber which it had made during the years 1918, 1919, 1920, and 1921, to parties having bought the same.

There is no dispute as to the facts in the case as reported by the commissioner. It appears that the shipments in question were made at the time when the Revenue Act of 1917 imposed a tax on the amount paid for transportation by rail, and the plaintiff caused to be shipped to certain counties in the states of Iowa and Nebraska consignments of lumber which in each instance was needed and used by the purchasing county in the construction or repair of bridges along public highways within the county under an agreement that the lumber was to be delivered at stated points within the purchasing county f. o. b. at stated prices. The shipping was done by railroad under bills of lading calling for delivery by the carrier to the plaintiff, or on its order, at destination. Plaintiff forwarded the bills of lading to the county clerk, and, when the shipments reached their destination, the county clerk, acting for the county and conforming to the plaintiff's intention, presented the bills of lading to the carrier, paid the freight charges, accepted the lumber, and deducted the transportation charges from the stipulated f. o. b. price and remitted the balance to the plaintiff. The defendant did not collect any taxes on account of these shipments at the time they were made, but later assessed and collected from plaintiff the amount of taxes which it now seeks to recover in the manner as stated in the findings of fact.

The contentions made by plaintiff in support of its case may be summarized as follows:

First, that the tax was laid upon the sale, and the transaction was both under the statute and the Constitution exempt.

Second, that in any event the plaintiff under the statute was not liable for the tax.

The question involved in the issue first above stated was certified to the Supreme

This case having been heard by the Court of Claims, the court, upon the evidence adduced, makes the following special findings of fact:

In the years 1918, 1919, 1920, and 1921 the plaintiff, a corporate dealer in bridge materials, engaged to sell and deliver to each of several counties in the states of Iowa and Nebraska a quantity of lumber, which in each instance was needed and used by the purchasing county in the construction or repair of bridges along public highways within the county. The plaintiff agreed to ship the lumber from places outside the state to designated points within the purchasing county and there deliver the same to the county f. o. b. at stated prices. The plaintiff fulfilled its engagement as made. The shipping was done by railroad under bills of lading calling for delivery by the carrier to the plaintiff, or on its order, at destination. The plaintiff forwarded the bills of lading to the county clerk; and when the shipments reached their destination the county clerk, acting for the county and conforming to the plaintiff's intention, presented the bills of lading to the carrier, paid the transportation charges, accepted the lumber, deducted the transportation charges from the stipulated f. o. b. price, and remitted the balance to the plaintiff.

On and between November 16, 1923, and January 3, 1924, the collector of internal revenue at Dubuque, Iowa, assessed against plaintiff and collected $1,833.89 from it to cover excise taxes on freight transportation of the lumber involved herein together with penalties and interest for the period from June, 1918, to August, 1921. Of that amount, $1,310.13 was the tax on the freight transportation, $478.37 was the penalty, and $45.39 was the interest. These taxes including the interest and penalties were all paid under protest. The plaintiff subsequently filed with the Commissioner of Internal Revenue at Washington a claim for refund of the $1,833.89 paid by it, and on June 10, 1925, the said claim was rejected by the commissioner.

Jesse I. Miller, of Washington, D. C., for plaintiff.

Court for determination. The form thereof is set out in the opinion of the Supreme Court in Wheeler Lumber Bridge & Supply Co. v. United States, 281 U. S. 572, 50 S. Ct. 419, 74 L. Ed. 1047. It is sufficient to say here that in that case the Supreme Court held in substance that the tax was not upon the sale, and that the case did not come under the rule laid down in Panhandle Oil Co. v. Mississippi, 277 U. S. 218, 48 S. Ct. 451, 72 L. Ed. 857, 56 A. L. R. 583; also that the transportation under consideration was not a service rendered to the county which would be exempt under section 502 of the Revenue Act of 1917 (40 Stat. 315), or section 500 (h) of the Revenue Act of 1918 (40 Stat. 1102), but was "a service rendered to the vendor," and that it was "measured by the transportation charges." In short, the Supreme Court ruled against the plaintiff on the question certified which included the plaintiff's claim of exemption and unconstitutionality of the tax.

There remains for consideration the question of whether the plaintiff was in any event liable for the tax. It is contended on behalf of the plaintiff that the law imposed a liability for the tax directly upon the person from whom the carrier collected the charges; and it is argued that under the facts in the case, as the carrier did not directly collect the taxes from the plaintiff, it was not liable for the tax. In support of this proposition a provision of section 501 of the 1917 Act (40 Stat. 315) is quoted as follows: "That the taxes * * * shall be paid by the person * * * paying for the services or facilities rendered."

Plaintiff's counsel also cited Treasury Regulations No. 49 (revised) promulgated January 17, 1920, which provided, by Article 110 thereof, that: "All taxes imposed by Section 500 shall be paid by the person from whom or from which the carrier collects the charges for the services or facilities rendered. The method of adjusting transportation expenses between the buyer and seller, or the consignor and the consignee, is a matter of private contract over which the Government has no jurisdiction."

If this contention of the plaintiff is to be sustained, then the person who turned over to the railroad the money, checks, or whatever is used to pay the transportation charges, by reason of this act becomes liable for the tax. We do not think this is a reasonable construction of the statute. As the Supreme Court says in its opinion, the transportation services were rendered for the plaintiff. Being so rendered the plaintiff was liable therefor. It is true that the county clerk paid the freight charge to the railway company, but he paid it for the plaintiff and out of funds belonging to the plaintiff in the manner in which plaintiff intended. The plaintiff was in fact the "person" who paid for the service or facilities rendered. The case of the City of Wichita Falls, Texas, v. United States, 62 Ct. Cl. 239, is somewhat different in its facts from the case at bar, and an altogether different question was involved. We do not think that anything said in the opinion thereon sustains the position of either party to the case at bar.

The agreement made by plaintiff to deliver the lumber f. o. b. at stated points was in effect an agreement to pay the railway charges, and the county, or the county clerk acting for it, could have refused to pay the freight or the tax if it had been demanded, and could have called upon plaintiff to make payment thereof in accordance with its agreement. The plaintiff then, in order to complete its contract with the county, would have been obliged to pay the freight and the tax if demanded —in fact, it could not have obtained the lumber to deliver to the purchaser without paying for the transportation and thus making itself liable for the tax. We think the situation in that event would have been no different in principle from what finally resulted from a payment of the freight out of money belonging to the plaintiff.

It follows that plaintiff's petition must be dismissed, and it is so ordered.