McPIKE v. ZERBST, Warden.

No. 1184.

District Court, N. D. Georgia, Atlanta Division.

Oct. 11, 1937.

Will McPike, in pro. per.

Lawrence S. Camp, U. S. Atty., by H. T. Nichols and H. H. Tisinger, Assts. U. S. Atty., of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

Petitioner was arrested upon a warrant issued, on August 12, 1933, upon an information filed, on August 3, 1933, in the Fourth judicial district of the state of Louisiana. While in jail on this warrant, he was indicted, on November 6, 1933, in the United States District Court for the Western District of Louisiana.

The two cases were founded on the same facts, alleged to constitute, at the same time, a violation of both federal and state law. Both the federal indictment and the state information were against this petitioner and another, Rubin Moore, and the charge in each was that they defrauded one Susan Williams of the sum of $25 by falsely representing themselves to be federal officers and able to collect money which they pretended was due her by the United States.

On November 7, 1933, with the acquiescence and consent of the state authorities, the defendants were brought into the federal court, where they pleaded guilty and the following sentence was imposed:

"Both defendants appearing before the bar of this court were duly arraigned and pleaded guilty. Each accused, on the first count was sentenced to serve three years in the United States Penitentiary at Atlanta, Ga. On the remaining counts, it was ordered that each accused be sentenced to five years in the same institution, but the execution of which was ordered suspended and conditioned upon each defendant not again violating any other law, State or Federal, during the period of said suspension which is to be five years from the date of the expiration of said sentences on Count one."

On the same day, November 7, 1933, there issued, in pursuance of the above sentence, a writ of commitment directing the marshal "to carry forthwith and deliver the body of the said Will McPike, with alias, into the custody of the Warden of the United States Penitentiary at Atlanta, Ga.," and directing the warden "to receive the body of the said Will McPike in the said United States Penitentiary in Atlanta, Ga., and him there safely keep in accordance with said sentence, for the term of three years dating from the 7th day of November, 1933, or until he be otherwise discharged by due process of law." (Certified copy of commitment attached to affidavit of Joe Keene, Deputy United States Marshal for the Western District of Louisiana.)

The marshal's return, appearing on the back of the commitment, is in the following language:

"U. S. Marshal's Return. Marshal's Docket No. 12959 Dated Nov. 16, 1933.

"Received this Writ Nov. 16, 1932. Returned unexecuted Nov. 24, 1933 the within-named Will McPike, now confined in the Louisiana Penn. at Angola, La., as a State Prisoner.

"Geo. W. Montgomery, U. S. Marshal,
"By R. L. Mayfield, Chief Deputy.
"Filed Nov. 29, 1933,
"W. B. Lee Clerk,
"U. S. Dist. Court,
"West. Dist. of Louisiana."

On November 13, 1933, the two defendants, petitioner and Rubin Moore, were tried in the state court, found guilty, and received the following sentence:

"Accused and each of them being present and represented by Hon. Brunswig Sholars are each sentenced to not less than three years nor more than five years in the state penitentiary."

Commitment on this sentence was issued and filed on November 18, 1933, and petitioner was transferred to the state penitentiary where he was confined until he had served the sentence imposed by the state court.

Upon the termination of the state sentence, a paper purporting to be an alias writ of commitment, dated July 18, 1936, was issued by the clerk of the federal court, directing imprisonment of petitioner in the United States Penitentiary at Atlanta for a period of three years "dating from the day of incarceration or until he be otherwise discharged by due process of law."

Petitioner was, upon the authority of this alias writ, delivered and received at said penitentiary on August 2, 1936, and there continuously confined until the present.

Petitioner contends that under the law, and especially under section 709a of title 18 U.S.C.A., said alias commitment, under which he is now held, is void and that his sentence has been completely served and that he should now be discharged.

■ While there was no written evidence of surrender of jurisdiction over petitioner by the state court, the evidence introduced at the trial disclosed that the said authorities voluntarily and purposely delivered petitioner over to the federal court for the purpose of allowing the federal court to dispose of the federal offense with which he was charged. It appears clearly, therefore, that the federal court, through comity of the state authorities, had actual possession and control over the person of petitioner and jurisdiction to accept his plea of guilty and impose sentence thereon. Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879.

■ This being true, the sentence of the federal court was both legal and proper, and began to run from November 7, 1933, the day it was imposed, as provided by statute, 18 U.S.C.A. § 709a, and as directed by the original commitment.

It seems clear, therefore, that petitioner's sentence began to run from that date, although the United States marshal failed to carry out the commands of the original commitment and permitted him to be released to serve the state sentence, subsequently imposed, before completing the service of the sentence imposed by the federal court.

There can be no question as to the propriety, under the rule of comity existing between the federal and state courts, of the assumption of jurisdiction over and the imposition of sentence upon petitioner by the federal court with the consent of the state authorities, Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879, and jurisdiction once attached continues until fully exercised.

The federal court, thus having legal jurisdiction over the person of petitioner and the right and duty to impose sentence upon him, could not impose a sentence to commence at some indefinite time in the future or in contravention of section 709a of title 18 U.S.C.A., and did not attempt to do so.

■ The only way that the federal court could have passed sentence to commence at an indefinite time in the future would have been to have expressly ordered it to commence at the expiration of a previous sentence, either state or federal. This could not have been done in this case because there was no other sentence in existence at the time. Petitioner was being held by the state authorities upon an information only and his trial and sentence thereon did not take place until after the imposition of the sentence by the federal court.

■ If the federal sentence was a valid sentence, and in my opinion it was, then it began to run immediately, 18 U.S.C.A. § 709a, and could not have been interrupted by the failure of the marshal to comply with the commitment, or by any other unauthorized acts, since the interruption of federal imprisonment was not caused by any voluntary or wrongful act of petitioner. White v. Pearlman, 10 Cir., 42 F.2d 788; Albori v. United States, 9 Cir., 67 F. 2d 4; United States v. Traeger and Albori v. Sittel, 9 Cir., 44 F.(2d) 312; Ex parte Sichofsky, D.C., 273 F. 694; In re Jennings, C.C., 118 F. 479.

■ It results therefore that if the sentence be construed to provide for commencement of service at some indefinite future time or for service in installment periods, a contention, I think, wholly unsupported in fact or law, then it would be void.

On the other hand, if the sentence was valid, it must be construed to have commenced to run on November 7, 1933, and to have run continuously from that date and to have expired not later than November 6, 1934.

In either case, no sentence would now be in force which would justify petitioner's present detention and he should therefore be discharged.

Whereupon it is considered, ordered, and adjudged that said writ of habeas corpus be and hereby is sustained, and that respondent discharge petitioner forthwith.