(No. 25811.

FRED PURDUE, Petitioner, *vs.* JOSEPH E. RAGEN, Warden, *et al.* Respondents.

*Opinion filed December 12, 1940.*

FRED PURDUE, *pro se,* petitioner.

JOHN E. CASSIDY, Attorney General, and A. B. DENNIS, for respondents.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Petitioner, Fred Purdue, filed in this court his petition for *habeas corpus* alleging he is illegally detained and restrained of his liberty by respondent Joseph E. Ragen, as warden of the Illinois State penitentiary at Stateville, Illinois. Such respondent makes a return to the petition showing that the petitioner is held in said penitentiary by reason

of a judgment of conviction and sentence to the penitentiary, and that the term of imprisonment has not yet expired.

The petitioner was convicted of the crime of larceny in the criminal court of Cook county in March, 1927, and was sentenced to the Illinois State reformatory at Pontiac, Illinois, for a period of one to ten years. In May, 1928, petitioner was granted an out-of-State parole and handed a notice stating, in substance, that he had been granted a parole by the State Board of Paroles upon the condition that he should proceed to Peru, Indiana, where he should abide by all of the conditions of his release until finally discharged, and that upon compliance with the conditions of his release for a period of one year, and upon receipt of the thirteenth final report, a final discharge would be mailed to him. This notice was accompanied by thirteen sets of monthly report blanks.

Petitioner proceeded to Peru, Indiana, and submitted thirteen monthly reports, but never received a discharge from the State Board of Paroles. On August 28, 1929, petitioner was found guilty and sentenced to the penitentiary for a period of from ten to twenty-five years for the crime of robbery in the State of Ohio. After he was paroled from the Ohio State penitentiary he violated his parole on March 1, 1933, and was arrested in the State of Michigan for counterfeiting; on April 2, 1933, he was convicted in the Federal court in the State of Michigan on the charge of counterfeiting and sentenced to Leavenworth penitentiary for a period of ten years. On June 1, 1939, when petitioner was released from the Leavenworth penitentiary, he was turned over to the sheriff to hold for the State of Illinois, and, through extradition proceedings, returned to the State of Illinois on June 13, 1939, and delivered to respondent Ragen, warden of the Illinois State penitentiary at Stateville, Illinois, but, since that time, as shown by the return, is now held in the State penitentiary at Pontiac, Illinois, by its warden, O. H. Lewis.

The claim is made by petitioner that the period of his imprisonment has ended, first, because of the lapse of time, and, second, because it is alleged that the rules of the Illinois Board of Paroles, in 1927, provided that parolees without the State might be discharged upon complying with their parole for the period of one year. At the time of the conviction of petitioner in 1927 the law provided (Ill. Rev. Stat. 1939, chap. 38, par. 808) : "The Department of Public Welfare may parole a non-resident prisoner or ward, or a prisoner or ward whose family, relatives or friends reside outside of this State, to a person, firm or company in some State other than Illinois, to serve his parole. Such paroled prisoner or ward shall be required to make regular monthly reports in writing to the Department of Public Welfare, obey the rules of said Department of Public Welfare, obey the laws of such other State, and in all respects keep faithfully his parole agreement until discharged as in this act provided by said department. Should such prisoner or ward so paroled violate his or her parole agreement, such prisoner or ward so violating such agreement shall from the date of such violation be deemed to owe the State of Illinois service for the remainder of his or her maximum sentence, and should such prisoner or ward so violating said parole again at any time return to the State of Illinois, he or she shall be subject to be again arrested or apprehended on the writ or order of the warden, superintendent or managing head of the penitentiary, reformatory or institution from which such prisoner or ward was paroled, with full power and authority in the said department and its employees and agents and all officers as is provided in other cases to return such parole violator to such penitentiary, reformatory or other institution, * * * and if said department shall determine upon hearing, such prisoner violated his or her parole agreement, he or she shall be detained in said penitentiary, reformatory or other institution to serve the maximum term of his or her sentence, giving credit

only for time faithfully served in prison and on parole before violation," etc. Paragraph 807 provides among other things: "That all prisoners and wards so temporarily released upon parole, shall, at all times, until the receipt of their final discharge, be considered in the legal custody of the officers of the Department of Public Welfare, and shall, during the said time, be considered as remaining under conviction for the crime or offense of which they were convicted and sentenced or committed and subject to be taken at any time within the enclosure of such penitentiary, reformatory and institution herein mentioned." The Parole law further provides (par. 810) that the order discharging the prisoner shall operate as a release or commutation of sentence when approved by the Governor.

The petitioner was granted a parole in May, 1928. There is nothing in paragraph 808, *supra,* providing that a prisoner may be discharged upon making reports for a period of time fixed by the Department of Public Welfare, but, on the contrary, he is required to make monthly reports and keep his parole until discharged as provided by law; and paragraph 807, *supra,* provides that prisoners temporarily released upon parole shall, *until the receipt of their final discharge,* be considered in legal custody of the officers of the Department of Public Welfare.

Under the provisions of the law by which the petitioner was granted an out-of-State parole he was not entitled to be relieved of the balance of the sentence unless he had received his final discharge from the Department of Public Welfare.

Petitioner also claims his present imprisonment is illegal because at the time of his conviction he was sentenced to prison in a reformatory, and at the present time, by a change of laws effected by the act of 1933, all penal institutions are designated as penitentiaries under the charge and supervision of the Department of Public Welfare. This is a *non-sequitur.* If the petitioner had remained in the re-

formatory from 1927 until the act was amended in 1933 he would not thereby become entitled to a discharge, but would continue to serve in the same institution, although its legal designation had been changed. (*People* v. *McKinley*, 372 Ill. 247.) By the provisions of paragraph 808, *supra*, from the time a parole is violated such parolee "shall be deemed to owe the State of Illinois service for the remainder of his or her maximum sentence." By obtaining a release under parole and violating it, he cannot be placed in a better position by such breach than by not being placed upon parole. A sentence of imprisonment for crime may only be satisfied by actual service unless remitted by some legal authority. *People* v. *Toman*, 367 Ill. 163; *People* v. *McKinley*, 371 id. 190; *People* v. *McKinley*, 372 id. 247.

At the time petitioner filed his suit he was in the Stateville branch of the penitentiary at Joliet, Illinois, in charge of respondent, Joseph E. Ragen. In his petition he states he has reason to believe he will be transferred to the Reformatory at Pontiac, Illinois, now designated as the Illinois State penitentiary at Pontiac, Illinois, and, therefore, made O. H. Lewis, warden of the latter institution, a respondent also. The returns of wardens Ragen and Lewis show that at the time of the returns petitioner was confined in the Illinois State penitentiary at Pontiac. This is in accordance with his sentence, and our construction of the Penitentiary act of 1933 (*People* v. *McKinley*, 372 Ill. 247; *People* v. *McKinley*, 371 id. 190) wherein we held that a prisoner who is returned to the reformatory to complete a sentence is not entitled to be discharged because the reformatory, under such act, had become a part of the penitentiary system.

There is no merit in petitioner's claim, and he is remanded to the custody of the warden.

*Petitioner remanded.*