STETSON v. MAHONEY, Superintendent of Washington State Penitentiary.

No. 50.

District Court, E. D. Washington, S. D.
Jan. 5, 1942.

Judd D. Kimball, of Walla Walla, Wash., for petitioner.

Smith Troy, Atty. Gen. of the State of Washington, and Shirley R. Marsh and Hugh A. Dressel, Asst. Attys. Gen. of the State of Washington, for P. E. Mahoney, Acting Superintendent of Washington State Penitentiary.

SCHWELLENBACH, District Judge.

This is a habeas corpus proceedings brought by an inmate of the State Penitentiary. Petitioner was sentenced on February 28, 1925, for a period of not less than 7 nor more than 15 years. After service of 7 years, he was paroled with permission to leave the State of Washington but with the requirement for the making of monthly reports. Such reports were made for a little more than two years and then discontinued by the petitioner. On July 17, 1934, his parole was revoked for failure to make reports and the traveling guard of the state was directed to return the petitioner to the State Penitentiary. At that time, petitioner was in Portland, Oregon. At the request of Washington State authorities petitioner was picked up by the Portland police and held by them as a vagrant but he was not returned to the Washington State Penitentiary. It was not until June 30, 1939, when petitioner was released from the Federal Penitentiary at McNeil Island, Washington, where he had served a two-year term for violation of a federal statute that the traveling guard attempted to execute the order issued July 17, 1934, to return petitioner to Washington State Penitentiary. It is apparent that it would not have been difficult for the traveling guard to have found petitioner during the three-year interim of 1934 to 1937. He was in the Portland jail on minor offenses on numerous occasions during that period. Respondent takes the position that petitioner is entitled to credit for the time that he served and for the time he was on parole until the date of the revocation of the parole on July 17, 1934. He contends that after revocation, the intervening time up until his return to the Penitentiary in 1939 should not be counted.

■ There was no statute governing this situation at the time petitioner was sentenced. In 1935, the statute was amended so as to provide as follows, Rem.Rev. Stats. of Washington, § 10249—4: "From and after the suspension, cancellation or revocation of the parole of any convicted person and until his return to custody he shall be deemed an escapee and a fugitive from justice and no part of the time during which he is an escapee and fugitive from justice shall be a part of his term."

When petitioner presented his petition to the State Supreme Court, respondent set up that statute in his return to the peti-

tion. The State Supreme Court denied the petition without the filing of an opinion. Consequently, I do not know upon what ground it was denied. In this proceeding, however, respondent freely admits that the 1935 statute cannot be invoked by him, this for the reason that the ex post facto clause of the constitution forbids the application of any new punitive measure to a crime already consummated to the detriment or material disadvantage of the wrongdoer. Lindsey v. State of Washington, 301 U.S. 397, 57 S.Ct. 797, 81 L.Ed. 1182. Despite the free admission by the respondent as to the impossibility of applying the 1935 statute, he urges that I hold precisely the same way as if I were to apply that statute. He cites no cases in support of his contention that the time stopped running upon the date of the revocation of the parole. It seems clear to me that the Legislature, in 1935, did not believe that that was the rule prior to that date. If so, there would have been no need of the Legislature adopting the 1935 amendment. It seems clear to me that the purpose of the Legislature in amending the law was to meet situations similar to the one in this case.

There is a strong similarity between the problems in this case and the problems discussed by the Circuit Court of Appeals for the Ninth Circuit in the case of Albori v. United States, 67 F.2d 4; and Smith v. Swope, 91 F.2d 260. The same problem was discussed by the Georgia District Court in McPike v. Zerbst, 21 F.Supp. 961. In those cases, the marshal failed to execute the judgment of the sentences until such times as the defendants had completed service of sentences imposed by the state courts. In condemning the practice, Judge Denman, in Smith v. Swope, supra [91 F.2d 262], used this language:

"If a ministerial officer, such as a marshal, charged with the duty to execute the court's orders, fails to carry out such orders, that failure cannot be charged up against the prisoner. The prisoner is entitled to serve his time promptly if such is the judgment imposed, and he must be deemed to be serving it from the date he is ordered to serve it and is in the custody of the marshal under the commitment, if, without his fault, the marshal neglects to place him in the proper custody. Any other holding would give the marshal, a ministerial officer, power more arbitrary and capricious than any known in the law.

A prisoner sentenced for one year might thus be required to wait forty under the shadow of his unserved sentence before it pleases the marshal to incarcerate him."

In this case, we have an order issued July 17, 1934, directing the traveling guard, a ministerial officer, to return the petitioner to the State Penitentiary, but he didn't choose to execute that order until 1939. It makes no difference that the petitioner was in and out of jail and the Federal Penitentiary during that time. The traveling guard had ample opportunity, over a three-year period, to have carried out the order.

In each of the three cases I have cited, the prisoner was given credit for the time spent in the state institutions in computing the time on his federal sentence. Concluding as I do that the revocation of the order of parole on July 17, 1934, did not constitute petitioner an escapee nor a fugitive so as to stop the time of his sentence from running, it is apparent that the petitioner has served his full time and must be released.