[Crim. No. 2484. First Dist., Div. One. June 13, 1947.]

In re TOM REED, on Habeas Corpus.

Wallace S. Myers for Petitioner.

Fred N. Howser, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

PETERS, P. J.—This is a petition for a writ of habeas corpus to procure the release of petitioner from the custody of the sheriff of Marin County who is holding him preparatory to releasing him to the custody of police officers of the State of Illinois under a requisition from that state. This court issued the writ based upon certain allegations in the petition hereafter mentioned. These allegations were denied in the return to the writ. Since the first hearing, by stipulation, evidence has been secured which supports the finding of this court that the allegations of the petition in question are untrue. This being so, at the second hearing, this court issued, from the bench, its order discharging the writ and remanding the

prisoner to custody. This opinion is being filed pursuant to constitutional requirements.

█ So far as pertinent to the main point involved, the petition, verified by the petitioner, alleges that in 1926, he was committed to the Illinois state penitentiary for a ten-year term; that in December, 1929, he was paroled on condition that he leave the State of Illinois; that he then left that state and has never returned thereto; that in August, 1930, he was convicted of a felony in Louisiana and served a term therefor; *that during his service of such term, the State of Illinois filed a detainer with the Louisiana prison officials, but such detainer was released and withdrawn prior to his release from the Louisiana prison;* that in April, 1940, he was again convicted of a felony in Louisiana and once more sentenced to the state prison of that state; *that while confined under that sentence, Illinois filed another detainer with the Louisiana authorities, but the officials of the State of Illinois released such detainer prior to his release from the Louisiana prison;* that in 1945, he was convicted of a felony in California and confined in San Quentin, being released therefrom May 22, 1947; that upon his release from San Quentin he was arrested under the Illinois warrant.

Based upon these allegations, and particularly upon those italicized above, this court issued the writ. A majority of this court felt, Justice Ward disagreeing, that if it were true that as early as 1930 the Illinois authorities had canceled the petitioner's parole, knew his whereabouts, and filed detainers in Louisiana and then canceled them, that they had waived their right to extradite him after his term of parole would otherwise have expired. There is substantial authority both ways on this issue of waiver. *Stetson* v. *Mahoney,* 42 F.Supp. 298, and *United States* v. *Ragen,* 59 F.Supp. 374, hold that a waiver exists in such a situation. *United States* v. *Ragen,* 159 F.2d 356; *People* v. *Becker,* 382 Ill. 404 [47 N.E.2d 475], and other cases hold to the contrary.

The return filed to the writ denied the allegations above italicized. On the return day of the writ it was stipulated that the Presiding Justice of this court should write to the proper Illinois and Louisiana officials (and also to the warden of the federal penitentiary at Atlanta, Georgia, where petitioner had been imprisoned from October, 1931, to October, 1933) to ascertain whether there were any records indicating that the Illinois officials had knowledge of the whereabouts

of petitioner after the violation of his parole in 1930 and up to 1945, when he was imprisoned in California. It was further stipulated that the answers to such letters would be accepted as determinative of the truth or falsity of the challenged allegations. Pursuant to this stipulation, letters were sent to the officials in question. The answers to those letters indicate that petitioner's parole was canceled by the Illinois authorities in 1930, because of his failure to report, and a warrant was issued in that year for his arrest; that his whereabouts were then unknown; that there is no record in the Illinois files which are complete indicating that the Illinois officials ever knew of petitioner's whereabouts from 1930, until his imprisonment in 1945, in California; that there is no record in the Illinois files that the Illinois officials ever filed a detainer or hold with any other prison or in any other state except in California. The letters from Louisiana and Georgia indicate that the records of the prisons involved, which are complete, contain no record of any communication at all from the Illinois authorities relating to petitioner, and particularly contain no hold or detainer filed by the Illinois authorities. Under these circumstances, counsel for petitioner, at the second hearing, frankly admitted that, so far as the waiver issue was concerned, the facts did not warrant an application of that doctrine.

 Petitioner also urges that under Illinois law he is not a fugitive from justice and not subject to rearrest for violation of his out-of-state parole unless he voluntarily returns to Illinois. This point need not be labored. It is completely answered by the case of *Anderson* v. *Corall*, 263 U.S. 193 [44 S.Ct. 43, 68 L.Ed. 247].

The writ heretofore issued is discharged (as of June 12, 1947), and the prisoner remanded to custody.

Ward, J., and Bray, J., concurred.