(No. 32194.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES E. MCCORMICK, Plaintiff in Error.

*Opinion filed January 24, 1952—Rehearing denied March 17, 1952.*

JAMES E. MCCORMICK, *pro se.*

IVAN A. ELLIOTT, Attorney General of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM J. MCGAH, JR., all of Chicago, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Plaintiff in error, James E. McCormick, also known as Charles Wilkerson and Charles McCormick, hereafter called defendant, comes to this court on a writ of error to the criminal court of Cook County, alleging defects in the

common-law records of convictions of two separate robberies occurring many years apart. The first conviction took place in May, 1931, and a partial record is presented under the number of 60510. The other conviction occurred in 1944 and the common-law record is presented and numbered 44-106.

The defendant's first claim of error is that the criminal court erroneously sentenced him for a period of from one year to life for robbery in cause No. 60510, whereas he contends he should not have been sentenced in excess of twenty years. The defendant's second claim is that the court erroneously ordered the sentence in cause No. 44-106 and the sentence in 60510 to run concurrently. The defendant also claims that the judgment in 44-106 is improper because it does not refer to the term of imprisonment fixed by law to be served by a minimum and maximum fixed by the court, which is claimed to be the proper method under the amendment of the Parole Act of 1943.

Both the defendant and counsel for the People present us with facts not shown by the record relative to a violation of parole from the penitentiary under the conviction in 60510, and also the contents of the indictment in 60510, which does not appear in the record. Enough appears, however, to dispose of the issues developed and argued, although the writ of error to review the judgment in 60510 was barred by the twenty-year statute of limitations, had the People chosen to invoke it by plea.

The only part of the record in 60510 certified to this court is the verdict of the jury and the judgment of the court. The indictment and arraignment are not included. The record shows the jury returned the following verdict:

"We the jury find the defendant, Charles Wilkerson, otherwise called Charles McCormick, guilty of robbery in manner and form as charged in the indictment. And we further find from the evidence that at the time of the commission of said robbery the defendant was armed with

a dangerous weapon, to-wit, with a pistol and we further find from the evidence that the said defendant, Charles Wilkerson, otherwise called Charles McCormick, is now about the age of twenty-eight years." The court thereupon adjudged the defendant was guilty of robbery in the following language: "Therefore it is considered, ordered and adjudged by the court that the said defendant, Charles Wilkerson, is guilty of the crime of robbery in manner and form as charged in the indictment in this cause and the said verdict of guilty," and thereupon sentenced him "for a term of years not exceeding the maximum term fixed by the statute for the crime whereof he stands convicted."

Section 246 of division I of the Criminal Code, in 1929, provided the punishment of from one to twenty years for plain robbery, and the punishment of from one year to life where the robbery is accompanied by the use of a dangerous weapon.

The verdict of the jury found the defendant guilty of robbery while armed with a dangerous weapon and recited that the defendant was guilty in manner and form as charged in the indictment. In the absence of the record showing the form of the indictment under which the verdict of the jury was returned in 60510, and the judgment of the court rendered thereon, there is nothing before us upon which to predicate the error assigned in 60510. We are not overlooking the fact that counsel for the People and the defendant describe the indictment in 60510 in their briefs as charging robbery while armed, and even though this were deemed a stipulation as to the state of the record, it has been held many times that where the indictment charges robbery while armed and the judgment is guilty of robbery in manner and form as charged in the indictment, the penalty of one year to life in the penitentiary is properly imposed. (*People* v. *Giacomino,* 347 Ill. 523; *People* v. *Sheehan,* 407 Ill. 545.) Consequently, there is no merit in the first error claimed by the defendant.

The indictment in 44-106 contained three counts. Count I charged robbery while armed with a dangerous weapon. Count II charged robbery while armed and also the previous conviction in cause 60510. The third count charged plain robbery without any aggravating circumstances and without referring to a former conviction. Cause 44-106 was heard by the court without a jury and its finding was "The defendant, James McCormick, is guilty of robbery while armed in manner and form as charged in the indictment," and its judgment was "The judgment of the Court is that defendant, James McCormick, is guilty of robbery while armed in manner and form as charged in the indictment" and then provides that "It is ordered and adjudged by the Court that said defendant, James McCormick, be and is hereby sentenced to the Illinois State Penitentiary for the crime of robbery while armed in manner and form as charged in the indictment whereof he stands convicted, for a term of not less than 10 nor more than 15 years," and then provides that he be delivered to the Department of Public Safety until discharged according to law, provided that the term of imprisonment shall not be less than ten years nor more than fifteen years. After the sentence, the court also announced: "It is ordered by the court that the sentence in violation of parole, cause No. 60510, is to run concurrently with the sentence in this cause," and again at the close of the judgment it is provided: "It is further ordered sentence to run concurrently with parole in cause No. 60510."

The judgment of the court in 44-106, without reference to its concurrent service with 60510, was properly entered, for the defendant was found guilty under count I which charged robbery while armed with a dangerous weapon. It will be noted, however, the court did not make a finding on the habitual count which would have required a mandatory life sentence under the Habitual Criminal

Act, but the court did add at the beginning and close of the judgment the provision for concurrent service of the sentence in 44-106 with the sentence to be served in 60510 for violation of the parole.

It is claimed that the provision with respect to the concurrent service of the sentence makes the judgment confusing and uncertain and, therefore, void. We do not think so. Conceding that the court in 44-106 had no jurisdiction to change the judgment in 60510, it did have the right to specify that the service of the sentence in 44-106 should be concurrent with the sentence in 60510. When the defendant was found guilty in 44-106, it operated immediately as a violation of the parole allowed defendant in 60510 and entitled the penitentiary authorities to immediately seize him and start him on the service of the remainder of the sentence in that case until he was released or paroled. The trial court, taking judicial notice of this fact, made the sentence of 44-106 concurrent with the imprisonment in 60510. The sentence in 60510 was originally for one year to life and the defendant may be required to serve that sentence, (*Purdue* v. *Ragen*, 375 Ill. 98,) unless shortened by pardon or parole. If the defendant is required to serve an additional ten years under 60510, the minimum sentence in 44-106 will have been served, and likewise additional time served under 60510, whether it be more or less than the sentence in 44-106, will be concurrently served by the latter. Conceivably, defendant may serve his entire sentence in 44-106 before he is again paroled in 60510. It is clear, however, the court only intended to control the sentence in 44-106 and that sentence, we believe, has been made sufficiently clear. (*People* v. *Ferguson*, 410 Ill. 87.) The most that can be said of the judgment in 44-106 is that it was informally entered, but to reverse the case for the purpose of correcting the judgment would deprive the defendant of seven years'

454

time already served in 44-106. This, we are sure, the defendant is not seeking. The control of the length of the term of imprisonment in 60510 is with the Parole Board. The term of imprisonment in 44-106 and the manner of its service is controlled by the judgment in that case. We find no error in the record.

*Judgment affirmed.*