[Crim. No. 2429. Third Dist. Jan. 27, 1953.]

In re WAYNE H. McBRIDE, on Habeas Corpus.

Robert R. Harlan, Public Defender, for Petitioner.

Edmund G. Brown, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondents.

SCHOTTKY, J.—This is an application for a writ of habeas corpus filed by the public defender of Sacramento County on behalf of Wayne H. McBride.

The petition alleges that said Wayne H. McBride is being imprisoned and detained under a warrant issued by the governor of California upon demand by the governor of Texas for the extradition of said Wayne H. McBride as a fugitive from justice of the State of Texas.

The facts as shown by the petition and the return are substantially as follows: On the 25th of June, 1934, said Wayne H. McBride was sentenced for the crime of burglary for a period of two years by the Superior Court of Brown County, Brownwood, Texas. By virtue of said term petitioner was subsequently confined at the Central Farm, Sugarland, Texas, from where he escaped on May 9, 1935; after his escape petitioner was arrested by the Federal Bureau of Investigation at Seattle, Washington, as a fugitive from justice as a result of this escape; while he was held under arrest the Texas authorities were notified of his detention. After detention of a period of one week he was released by the

Federal Bureau of Investigation, after being informed by them that the State of Texas was not going to extradite him and was going to do nothing about him as long as he stayed away from the State of Texas.

In the year 1941 said Wayne H. McBride was released from the Washington State Prison at Walla Walla, Washington, after having served five years. During the time that he was incarcerated the Texas authorities were again notified of where he was being detained; that the Texas authorities, although knowing of his whereabouts and having opportunity to extradite him from the State of Washington at the termination of his sentence, did not apprehend him nor seek to extradite him from said state; in fact the Texas authorities did correspond with the Washington prison authorities and informed them that they would be unable to extradite the prisoner.

Upon his release from the Washington State Prison at Walla Walla said Wayne H. McBride continued to serve two and one-half years on parole under Washington authority. At all times the Washington authorities knew where he was and could contact him as could all others including the State of Texas, if they so desired. Wayne H. McBride was subsequently discharged from parole. During the time that he was on parole, at no time did the Texas authorities seek to extradite him.

During March of 1950 said Wayne H. McBride was sentenced to state prison from Riverside County on the charge of petty theft with a prior conviction; he has been discharged from said imprisonment as of December 21, 1952.

The petitioner alleges that the present restraint of the liberty of said Wayne H. McBride is illegal by virtue of the fact that the State of Texas has waived jurisdiction over the body of said Wayne H. McBride in failing to exercise its right to extradite him on occasions long past.

The extradition of fugitives from justice from one state to another is provided for in the Constitution of the United States and is governed by a federal statute enacted to make effective the constitutional provision. Article IV, section 2, clause 2, of the Constitution of the United States provides that:

"A person charged in any State with treason, felony, or other crime, who shall flee from justice, and be found in another State, shall on demand of the executive authority of the State from which he fled, be delivered up, to be removed to the State having jurisdiction of the crime."

Title 18, section 3182, U.S.C. (1946), the statute which implements the constitutional provision, has been substantially in its present form since 1793. It is as follows:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged." (June 25, 1948, ch. 645, 62 Stats. 822, eff. Sept. 1, 1948.)

Thus, one charged with crime in any state who flees from its justice to another state may be extradited by the latter. Under no other circumstances is extradition authorized. ▮ It has therefore been consistently held, as was said in *Johnson* v. *Matthews,* 86 U.S.App. D.C. 376 [182 F.2d 677], that in a habeas corpus proceeding involving extradition the subjects of inquiry are: (a) whether a crime has been substantially charged in the demanding state; (b) whether the prisoner is the person so charged; (c) whether the prisoner was in the demanding state at the time of the crime.

While there is some authority to the effect that a state's right to extradite an escaped prisoner may be waived by knowledge of the prisoner's whereabouts and filing detainers on him in another state and then releasing them, we believe that the great weight of authority supports the rule laid down in *People ex rel. Barrett* v. *Dixon,* 387 Ill. 420 [56 N.E.2d 816], where the Supreme Court of Illinois said at page 819 [56 N.E.]:

"It is contended that the State of Illinois lost jurisdiction to arrest and return the prisoner to the penitentiary at Joliet by their failure and neglect to retake him until after the expiration of the term of his maximum sentence. It must be conceded as definitely settled in this State that from the

date of his parole violation in December, 1931, he owed the State of Illinois service for the remainder of his maximum sentence, or eight years and approximately three and a half months. *People* v. *Crowe*, 387 Ill. 53, 55 N.E.2d 84; *Purdue* v. *Ragen*, 375 Ill. 98, 30 N.E.2d 637; *People ex rel. Ross* v. *Becker*, 382 Ill. 404, 47 N.E.2d 475; Ill.Rev.Stat. 1931, chap. 38, par. 808, sec. 7a. This term could be satisfied only by actual service, unless remitted by some legal authority. *People ex rel. Ross* v. *Becker*, 382 Ill. 404, 47 N.E.2d 475; *Purdue* v. *Ragen*, 375 Ill. 98, 30 N.E.2d 637; *People ex rel. Cassidy* v. *McKinley*, 372 Ill. 247, 23 N.E.2d 50; *People ex rel. Kerner* v. *McKinley*, 371 Ill. 190, 20 N.E.2d 498; *People ex rel. Crews* v. *Toman*, 367 Ill. 163, 10 N.E.2d 657. There were only two methods provided by law for this unsatisfied sentence to be legally remitted, (1) a compliance with the conditions of his parole followed by a discharge granted by the parole authorities, approved by the Governor (*People ex rel. Michaels* v. *Bowen*, 367 Ill. 589, 12 N.E.2d 625); and (2) by a pardon or commutation of sentence by the Governor, the power to issue which cannot be delegated. *People ex rel. Brundage* v. *LaBuy*, 285 Ill. 141, 120 N.E. 537; *People ex rel. Fullenwider* v. *Jenkins*, 322 Ill. 33, 152 N.E. 549. It is conceded that these are the only methods by which the term of unsatisfied service could be remitted by some legal authority, and that no such authority had been exercised. The failure of officials to perform their duties creates no right in a defendant to have his discharge as a beneficiary of their failure. [Citing cases.]''

See, also, *People ex rel. Ross* v. *Becker*, 382 Ill. 404 [47 N.E.2d 475]; *United States* v. *Ragen*, 159 F.2d 356; *Fowler* v. *Ross*, 196 F.2d 25.

Petitioner cites *In re Whittington*, 34 Cal.App. 344 [167 P. 404], and *In re Reed*, 80 Cal.App.2d 330 [181 P.2d 662], neither of which is in point. *In re Whittington* merely holds that a person who, while under arrest in Texas, was taken from Texas to California under extradition proceedings, was not a fugitive from justice. *In re Reed* holds that a state did not waive its right to extradite a parolee after his term of parole would otherwise have expired where his parole had been canceled by the paroling state and a warrant issued for his arrest prior to his conviction of a felony in California, and the paroling state did not know of his whereabouts until his imprisonment in this state, and the prison records of other states, in which he had been imprisoned during this period,

contained no record of any communication from the paroling state relating to him.

We are satisfied that both reason and authority support the conclusion that a person who has fled from a state while a criminal charge is pending against him or who, while confined in a penal institution has escaped and fled from the state, is and remains a fugitive from justice while he remains out of the state, and that he does not cease to be a fugitive from justice until his sentence is commuted or he is pardoned. The mere fact that extradition proceedings may have been commenced but not completed, or the fact that the whereabouts of the person may have been known to the authorities in the state from which he fled, does not change his status nor discharge his obligation to answer the charge or serve the remainder of his sentence. These may be matters for both the governor of the demanding state and the state in which extradition is sought to consider, but when, as in the instant proceeding, the governor of Texas from which state the prisoner has fled has demanded his arrest and detention, and the governor of California, upon whom the demand has been made, has certified that the representations of the governor of the demanding state are true and that the prisoner sought is a fugitive from justice, we do not believe that a court is justified in discharging the prisoner upon the ground that the demanding state has waived its right to extradite him, when there is no doubt (1) as to the identity of the prisoner; (2) that he was a resident of the demanding state at the time of the crime; (3) that he has fled from the state; and (4) that he had neither served the term of his sentence nor had there been a pardon or commutation of sentence.

In view of the foregoing the writ heretofore issued is discharged and the prisoner is remanded.

Van Dyke, P. J., and Peek, J., concurred.