Per Curiam.

Petitioner urges that his maximum sentence has expired, and that, therefore, he is entitled to release. He bases this contention on the fact that the state made no effort to return him during the times he was incarcerated in the various out-of-state penitentiaries. He urges that by such failure to act Ohio waived any right to require him to fulfill his obligation under the 1943 sentence.
When petitioner pleaded guilty in 1943, an obligation was created which he owed to the state. The only way this obligation could be fulfilled was by serving the sentence or by release by the proper authorities. In 1950, by violating his parole, petitioner achieved the status of an escaped prisoner, and his sentence ceased to run. King v. Maxwell, Warden, 173 Ohio St., 536; and Bush v. Maxwell, Warden, 175 Ohio St., 207. At the time of the violation of his parole, petitioner still owed a part of his debt to the state under the 1943 conviction. He was not paying this debt while he was a parole violator. The only way this debt could be satisfied was by serving the sentence, unless the obligation was remitted by some legal authority. Petitioner’s time of imprisonment was not reduced by the time he was at large as a parole violator.
Petitioner urges that the failure of the state to act constituted a waiver. There is no evidence that the state knew where petitioner was during the years of 1950 to 1960, but, even if it did, no rights were lost by the state in failing to act to return petitioner to the penitentiary. The burden was on petitioner to serve his sentence. If he had been concerned about the matter he could have surrendered himself to the authorities. There was no duty on the state to pursue petitioner and return him to Ohio.
In other words, where a paroled convict violates his parole, there is no affirmative duty upon the state to place detainers on *482 him or pursue him so as to return him to custody, and the state by its inaction creates neither an estoppel nor a waiver of its right to exact the penalty imposed under the conviction when it once again takes him into custody. People, ex rel. Barrett, Atty. Genl., v. Dixon, Judge, 387 Ill., 420, 56 N. E. (2d), 816; In re McBride, 115 Cal. App. (2d), 538, 254 P. (2d), 117; and United States, ex rel. Palmer, v. Ragen, 159 F. (2d), 356.
Next, petitioner contends that he did not file a written waiver of jury, and that, therefore, his conviction was void. It is well established that failure to file such a waiver does not infringe the constitutional rights of one who enters a plea of guilty to the indictment. Norton v. Green, Supt., 173 Ohio St., 531; Vertz v. Sachs, Warden, 173 Ohio St., 459; Rodriguez v. Sacks, Warden, 173 Ohio St., 456; and Click v. Eckle, Supt., 174 Ohio St., 88.
Finally, petitioner urges that the failure to appoint counsel on his behalf in 1943 voided his conviction. There is no question that counsel was not appointed to represent him. However, the mere failure to appoint counsel does not necessarily deprive an accused of his constitutional rights. It must be shown that the accused was not aware of his right to counsel or was actually refused counsel, and that failure to appoint counsel actually prejudiced the accused. In the present case, no such prejudice was shown. Petitioner, prior to his 1943 plea of guilty, had two previous convictions in Tennessee, in both of which cases counsel was appointed to represent him. Thus, petitioner was not a stranger to the courts or court procedure, nor was he unaware of his rights, at least to the point that he knew counsel was appointed for indigents, yet, he made no request for counsel but instead entered a plea of guilty to the indictment. Under such conditions it cannot be said that the failure to appoint counsel on his behalf so prejudiced him and deprived him of his constitutional rights as to void his conviction.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.