(No. 40347.—

THE PEOPLE *ex rel.* Stephen Kalec, Appellant, *vs.* FRANK J. PATE, Warden, Appellee.

*Opinion filed November 30, 1967.*

·WARD, J., took no part.

STEPHEN KALEC, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and ROBERT A. NOVELLE, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Following a 1958 jury trial in the circuit court of

Cook County, Stephen Kalec was found guilty of murder and sentenced to life imprisonment. His conviction was affirmed by this court (22 Ill.2d 505, *cert.* denied, 368 U.S. 1001). More than three years later defendant filed in the trial court the *pro se* petition from a dismissal of which this appeal was taken. That petition was entitled "Petition for a Sanity Hearing", and in it defendant alleged that in 1934 or 1935 he "was sentence [*sic*] to the Lincoln State School for the Mentally Retarded" and that he "excaped [*sic*] and was not discharged from this institution." He also alleged that he passed a mental examination and enlisted in the armed forces where he served honorably from 1942 to 1946. He further asserted that he "now is appealing * * * [his murder] conviction, and before he can make this appeal, he has to be found sane, and discharged from the above institution." He requested the court to conduct a sanity hearing and to enter an order discharging him from the School.

The petition was treated by the trial court as one for *habeas corpus* and the State's motion to dismiss allowed. On this appeal defendant now alleges numerous errors not alluded to in any way in the petition filed in the trial court, namely: he "was denied a speedy trial", "was being discriminated [*sic*] and persecute [*sic*] in the manner of being denied a sanity hearing and by the court allowing the state to put a witness on the stand to commit perjury and the court calling me a jail house lawyer in front of the jury. And when I was going to take the stand in my own behalf, I was put in a state of 'shock' which I became mentally incompetent and in a daze, and when I came out of this shock, the jury was going out to deliberate."

The action of the trial court in treating the petition as one for *habeas corpus* and dismissing it on motion was appropriate. We can conceive of no other reasonable classification of it. However, the allegations thereof are clearly insufficient to raise any substantial question, for there is

nothing suggested which would affect the jurisdiction over defendant of the court in which he was convicted nor is there any suggestion of any occurrence subsequent to conviction which would entitle defendant to release. *Habeas corpus* is of no assistance to defendant under these circumstances. *People ex rel. Haven* v. *Macieiski, post,* 396; *People ex rel. Skinner* v. *Randolph,* 35 Ill.2d 589, 590; *People ex rel. Rose* v. *Randolph,* 33 Ill.2d 453, 456-7.

None of the contentions now made here by defendant were made in the trial court, and it is obvious that they are not properly before us. (*Woman's Athletic Club of Chicago* v. *Hulman,* 31 Ill.2d 449, 454; *Galt* v. *Commerce Com.,* 28 Ill.2d 501, 503.) Nor does defendant now argue that the circuit judge should have conducted a sanity hearing and entered an order discharging him from the Lincoln State School for the Mentally Retarded. We think it proper, however, to indicate our agreement with the court's refusal to do so since defendant's present confinement is neither the result of nor related to his commitment to the Lincoln State School. The action requested of the trial court would serve no useful purpose and is not, contrary to defendant's assertion, a prerequisite to any direct or collateral attack on his murder conviction. This is apparent from the fact that we have, as earlier indicated, fully reviewed his conviction in 22 Ill.2d 505.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.