(No. 43124.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* BILLY EUGENE LAWRENCE, Appellant.

*Opinion filed May 21, 1971.*

Dale Allison, of Mt. Carmel, for appellant.

William J. Scott, Attorney General, of Springfield, and Roscoe D. Cunningham, State's Attorney, of Lawrenceville, (Fred G. Leach and Thomas J. Immel, Assistant Attorneys General, of counsel,) for the People.

Mr. Justice Ward delivered the opinion of the court:

On December 12, 1968, the petitioner, Billy Eugene Lawrence, who was confined in the penitentiary, filed a petition for a writ of *habeas corpus* in the circuit court of Lawrence County. The petitioner claimed that his detention was illegal because his sentence had been terminated by the action of the State of Illinois as of May 27, 1967. The circuit court denied the petition and the petitioner has appealed directly to this court. Ill. Rev. Stat. 1969, ch. 110A, par. 302(a).

We consider first the State's contention that we lack jurisdiction to hear this appeal. Citing *People* v. *Loftus,* 400 Ill. 432, the State contends that judgments of circuit courts in *habeas corpus* proceedings, although they are final orders, are not appealable to this court except in proceedings involving extradition or child custody. We need not decide whether this is too ambitious a claim to found on the language this court used in *Loftus,* because under our Judicial Article (Ill. Const. art. VI, sec. 5), which became effective in 1964, the question is no longer debatable. The article expressly provides that in cases of *habeas corpus* appeals from final judgments of the circuit courts shall be taken directly to the Supreme Court. Our Rule 302(a) (Ill. Rev. Stat. 1969, ch. 110A, par. 302(a)) is to the same effect.

We cannot entertain the petitioner's argument that the conduct of the Parole and Pardon Board constituted a de-

nial of a hearing on the question of a parole violation, in violation of his statutory right, or the claim that his constitutional rights against self-incrimination were infringed during what he describes as an "interview" with a member of the Parole and Pardon Board. Neither of these contentions was raised in the trial court and, therefore, are not properly before us on this review. *People ex rel. Kalec* v. *Pate,* 38 Ill.2d 350, 352.

The petitioner pleaded guilty to a charge of rape on December 4, 1959, and received an 18-year sentence. On May 17, 1966, he was released on an out-of-state parole to Indiana, where on July 11, 1967, he pleaded guilty to an offense involving a deadly weapon, which he had committed on May 27, 1967. He was returned from the custody of the Indiana authorities to the penitentiary in this State on August 24, 1967, and later was declared by the Parole and Pardon Board to be a parole violator as of May 27, 1967. He was ordered to serve the remainder of his maximum sentence, calculated from August 16, 1967, the date on which he became available for transfer to the custody of the State of Illinois. The petition contended that the Board's failure to consider the period between May 27, the date of the Indiana offense, and August 16 as time served in some way caused the sentence to expire and entitled the appellant to release. Alternatively, the petitioner apparently claimed he should have been given credit toward the service of his sentence for that period.

The petitioner's argument, for which no authority is offered, does not persuade. A sentence of imprisonment may be satisfied only by actual service, including time served on parole, unless it is remitted by some legal authority. (See *People ex rel. Hesley* v. *Ragen,* 396 Ill. 554, 558; *Purdue* v. *Ragen,* 375 Ill. 98, 102.) This was expressed, too in *People ex rel. Ross* v. *Ragen,* 392 Ill. 465, 467: "This term could be satisfied only by actual service unless remitted by some legal authority. (*People ex rel. Ross* v. *Becker,* 382 Ill. 404;

*Purdue* v. *Ragen,* 375 Ill. 98.) There are only two methods provided by law for an unsatisfied sentence to be legally remitted, (1) compliance with the conditions of a parole followed by a discharge granted by the parole authorities, approved by the Governor; and (2) by a pardon or commutation of sentence by the Governor, the power to issue which cannot be delegated. (*People ex rel. Barrett* v. *Dixon,* 387 Ill. 420.)" The time the petitioner spent in Indiana after he had violated his parole by committing an offense there obviously cannot be considered as time of service of sentence. Accordingly, the trial court's denial of the petition for a writ of *habeas corpus* was not error.

For the reasons given, the judgment of the circuit court of Lawrence County is affirmed.

*Judgment affirmed.*